# Richmond

GRAHAM WHITE V. COMMONWEALTH OF VIRGINIA.

April 28, 1938.

Present, Holt, Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*H. E. Widener, T. L. Hutton* and *George B. Kreger,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Walter E. Rogers, Special Assistant,* for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

On February 6, 1935, the following order was entered in the Circuit Court of Washington county:

"Commonwealth,

vs.　　　Indictment for attempt to murder. (Indictment No. 1. Frank Jones.)

Graham White.

"This day came as well the attorney for the Commonwealth as the attorney for the defendant, and the defendant appeared in Court in obedience to his recognizance, and on motion of the attorney for the Commonwealth the defendant was arraigned and upon all his arraignment tendered in person a plea of guilty. Thereupon, with the consent of the defendant and the attorney for the Commonwealth the Court heard and determined this case without a jury and having heard the same finds the defendant guilty and fixes his punishment at six months in jail and a fine of $100.00.

"It appearing to the Court that this is a proper case for such action, it is ordered that the jail sentence be suspended during the good behavior of the defendant. The fine and costs in this case having been paid to the Clerk of the Court, the said Graham White is permitted to depart."

The Commonwealth by the present proceeding sought to revoke the suspended sentence granted in the order.

It appears from the record that on September 28, 1937, two warrants were issued against the defendant, one charging him with being drunk in a public place and the other charging him with trespass upon the property of John Bailey. On the 5th day of October, 1937, the defendant plead guilty to the two warrants and was assessed with a fine of $2.50 and costs in each case. The sole ground for the revocation of the suspended sentence is the subsequent conviction of the defendant of being drunk in a public place and trespass, as charged in the two warrants.

It is noted that the revocation of the suspended sentence was made on November 29, 1937; while the order granting the suspension of sentence was entered on February 6, 1935,—two years and nine months prior to the revocation of the suspension.

Code 1936, section 1922b, grants authority to the courts to suspend the imposition or the execution of sentence or commitment, if it appears compatible with public interest and there are circumstances in mitigation of the offense. The court, under that authority, may place the defendant upon probation during good behavior for such time and under such conditions as it shall determine. In the latter portion of the statute we find this language, the proper construction of which will be determinative of the case: "The court may revoke the suspension of sentence and cause the defendant to be arrested and brought before the court at any time within the probation period, or within the maximum period for which the defendant might originally have been sentenced to be imprisoned, whereupon, in case the imposition of sentence has been suspended, the court may pronounce whatever sentence might have been originally imposed; and in case the execution of the sentence has been suspended, the original sentence shall be in full force and effect, and the time of probation shall not be taken into account to diminish the original sentence. * * *"

According to the order set out above, the court "heard and determined" the case and adjudged the defendant guilty, fixing his punishment at a fine of $100 and confinement in jail for six months. If the evidence had justified it, the punishment under the indictment could have been fixed at confinement in the penitentiary, certainly for as much as five years.

The Commonwealth contends that, inasmuch as the maximum punishment for the offense charged under the indictment could have been five years in the penitentiary, the court, under the statute, had five years within which to revoke the suspended sentence.

The defendant contends that he was found guilty of a misdemeanor; that the evidence justified the finding of no greater offense; that twelve months in jail and a fine of $500 was the maximum punishment the court could have imposed upon him; and that, therefore, after the expiration of the twelve months, the court was without power to revoke the suspension.

The indictment was not made a part of the record and we have not had the benefit of what it might disclose. We only have the order, the body of which does not disclose for what offense the accused was indicted,—whether it was a felony or misdemeanor. In the caption, however, this appears, "Indictment for attempted murder."

■■ This language of the statute, "the maximum period for which the defendant might originally have been sentenced" and "the court may pronounce whatever sentence might have been originally imposed," does not mean the maximum punishment for the greatest or most serious offense charged in the indictment. If upon an indictment for murder one is found guilty of involuntary manslaughter and given a suspended jail sentence and fine, the statute does not contemplate that the suspension of sentence could be revoked at any time during the life of accused because he was simply indicted for murder which carries a punishment of death or life imprisonment. The test is not what is the maximum punishment which might be imposed under the indictment alone, but the maximum punishment which might be imposed under the indictment and the evidence.

Under the evidence and the indictment in the present case, what is the maximum period for which the defendant might originally have been sentenced, and, upon revocation of the suspended sentence, what sentence may the court pronounce?

■ The court may pronounce "whatever sentence might have been originally imposed,"—we may add "under the law and the evidence,"—and not the maximum for the greatest offense charged in the indictment alone. Under

the indictment for attempted murder and under the evidence, the maximum sentence which could have been imposed on the defendant was twelve months in jail and a fine of $500. No sentence could have been imposed for the felony because the evidence did not justify it according to the order. The only sentence which was justified by the evidence was one for a misdemeanor, and when he was found guilty of a misdemeanor he was automatically acquitted of the felony.

It will be conclusively presumed from the order that the judgment was based on evidence that established only a misdemeanor because the punishment meted out was for that crime. If the evidence had warranted finding him guilty of a felony, the court would have so found and imposed the punishment for a felony. Therefore, the maximum period for which the defendant might originally have been sentenced was the maximum punishment which might be imposed for a misdemeanor,—that is, twelve months in jail and a fine of $500.

The meaning of the statute is not clear. There are difficulties which should have been clarified by the legislature in accordance with the suggestion of Judge Prentis in *Richardson* v. *Commonwealth,* 131 Va. 802, 109 S. E. 460, 463. That is the only Virginia case in which the statute has been construed. The statutes of other States and of the United States regarding probation, suspension of sentence and revocation of suspension are so entirely different from our statute that cases from those jurisdictions afford us little help in determining the correct interpretation of our statute.

The facts in the *Richardson Case* are unlike those in the case at bar. There, Richardson had been convicted under an indictment charging a violation of the prohibition law,—a misdemeanor,—and he had been given a fine of $50 and sentenced to jail for thirty days. The jail sentence was suspended. The maximum period for which he might originally have been sentenced for the offense was six months in jail. Later, after the expiration of the six

months, he was again convicted of violating the prohibition law and a rule was issued against him for the purpose of revoking the suspended sentence. The lower court revoked the suspension, but upon a writ of error to the judgment of the lower court this court reversed the judgment, and held that inasmuch as the maximum period for which the defendant could have originally been sentenced was only six months and that period having expired, the court could not subsequently revoke the suspension.

The statute provides two alternatives: (1) That the convicted person may be placed on probation conditioned upon his good behavior for a definite period until the further order of the court and (2) that his sentence may be suspended without any express limitation as to the duration of the suspension. The second alternative is controlled by this language of the statute when a revocation of the suspension is sought: "The court may revoke the suspension * * * at any time * * * within the maximum period for which the defendant might originally have been sentenced * * *." In speaking of that particular language in the *Richardson Case,* Judge Prentis said:

"While the precise meaning of this clause is not perfectly apparent, its purpose to limit the period within which the suspension order can be revoked is manifest. It is clear that within such limited period the court is expressly authorized to revoke the suspension and impose the penalty, but not thereafter. This prescribed and limited period is expressed in the alternative—that is, the court may revoke the suspension either at any time within the probation period, or within the maximum period for which the defendant might originally have been sentenced to imprisonment. The clause would more clearly express its meaning if the word 'or' were followed by the words, 'if no probation period has been prescribed then.' With this interpolation the meaning of the statute would be perfectly clear. The legislature clearly could not have intended to make the jurisdiction of the trial court to revoke the suspension a matter of uncertainty in any particular case. The intention

was to prescribe and limit the power of the court. As in this case the trial court did not prescribe a definite period during which the suspension of the sentence should continue, unless we adopt the conclusion suggested, we would be driven to conclude that the court might retain its jurisdiction over the defendant and hold him subject to its order indefinitely. While the court may fix the period of probation, a careful consideration of the language used leads us to the conclusion that in those cases in which the court fails to prescribe such period of probation definitely, the alternative clause of the statute operates and itself limits the power of revocation to 'the maximum period for which the defendant might originally have been sentenced to be imprisoned.' "

Our conclusion is that after the expiration of twelve months from February 6, 1935, the date of the original judgment, the court had no power to revoke the suspension granted the defendant. The judgment is reversed.

*Reversed.*