## Richmond

Jerry Lee Grant

v.

Commonwealth of Virginia

June 18, 1982.

Record No. 811421.

Present: All the Justices.

*John H. Herbig (Harris, Tuck & Freasier,* on briefs), for appellant.

*Richard B. Smith, Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

In this revocation proceeding in a criminal case, the question is whether the trial court had jurisdiction to sentence the defendant, the imposition of punishment previously having been suspended.

The facts are undisputed. On August 19, 1976, defendant Jerry Lee Grant was found guilty in the court below of receiving stolen property. At the sentencing hearing on September 28, 1976, after review of a probation officer's report, a judge of the trial court entered an order providing:

"[T]he Court doth now, on motion of the defendant, suspend the imposition of sentence in this case conditioned upon the following: that the defendant keep the peace and be of good behavior; that he be placed on supervised probation; that he obtain a GED certificate; that he seek employment part-time while obtaining a GED certificate; that he live with his mother unless his Probation Officer permits otherwise; that he pay $50.00 of the cost of Court in this case by 4:30 o'clock p.m. this day."

Almost two years later, on July 26, 1978, the same trial judge entered another order as follows:

"This day, Joseph E. Lee, State Probation and Parole Officer, having represented to the Court that the said defendant, Jerry Lee Grant, who was on September 28, 1976, placed on probation under supervision of this Officer, has satisfactorily complied with all conditions of probation, it is hereby ordered that the said defendant be released from supervised probation."

About 33 months later, on April 22, 1981, defendant was convicted in the court below of several drug distribution charges. Almost three weeks later, upon motion of the Attorney for the Commonwealth, an order was issued on May 11, 1981, and served on defendant, requiring him to show cause "why his suspended sentence should not be revoked for his failure to comply with the terms and conditions of the judgment of this Court."

On June 2, 1981, defendant was sentenced on the drug charges, and his motion to dismiss the show cause proceeding was denied. The present trial judge entered an order providing:

"Evidence and arguments of counsel having this day been presented as to the matter of possible revocation of the suspended imposition of sentence entered herein on September 28, 1976, pursuant to the said show cause order previously entered, for reasons satisfactory to the Court, the said suspended imposition of sentence is this day revoked, and the Court doth ascertain the defendant's term of confinement in the State Penitentiary at Two Years."

On appeal from the foregoing order, defendant argues that when the court suspends imposition of sentence following a criminal conviction and places a defendant on supervised probation, and by a subsequent order removes the defendant from supervised probation, the trial court does not have jurisdiction to revoke the suspended imposition of sentence unless defendant is arrested and brought before the court within one year from the date he was removed from supervised probation. Relying on Code § 19.2-306, defendant says that because more than one year elapsed from the July 1978 order, releasing him from supervised probation, to the 1981 show cause proceeding, the trial court erroneously revoked the suspended imposition of sentence and incorrectly assessed the two-year penitentiary term.

The foregoing statute provides, in part:

"§ 19.2-306. Revocation of suspension of sentence and probation.—The court may, for any cause deemed by it sufficient which occurred at any time within the probation period, or if none, within the period of suspension fixed by the court, or if neither, within the maximum period for which the defendant might originally have been sentenced to be imprisoned, revoke the suspension of sentence and any probation, if the defendant be on probation, and cause the defendant to be arrested and brought before the court at any time within one year after the probation period, or if no probation period has been prescribed then within one year after the period of suspension fixed by the court, or if neither a probation period nor a period of suspension has been prescribed then within one year after the maximum period for which the defendant might originally have been sentenced to be imprisoned, whereupon, in case the imposition of sentence has been sus-

pended, the court may pronounce whatever sentence might have been originally imposed."

Recognizing that no fixed period of probation or suspension was specified in the September 1976 order, defendant reasons that the July 1978 order terminating supervised probation effectively set an ending to a period of probation that began in September 1976. Thus, defendant says, his "probation period," within the meaning of § 19.2-306, was established. He further argues that because the "probation period" plus one year had elapsed before his 1981 acts giving rise to the show cause order, the trial court lacked power to revoke the suspension.

The Attorney General contends that no "probation period" or "period of suspension" was fixed under the circumstances of this case. Consequently, he argues, the trial court's power to revoke the suspension, under § 19.2-306, lasted until one year expired after the maximum period for which defendant might originally have been sentenced to imprisonment, which was 20 years. Code § 18.2-108 and § 18.2-95. We agree with the Attorney General.

■ The probation statutes are highly remedial and should be liberally construed to provide trial courts a valuable tool for rehabilitation of criminals. *Dyke v. Commonwealth,* 193 Va. 478, 484, 69 S.E.2d 483, 486 (1952). In addition, the power of the courts to revoke suspensions and probation for breach of conditions must not be restricted beyond the statutory limitations. *Id.;* 69 S.E.2d at 486-87.

■ Against that background, the primary inquiry under these facts is whether a probation period or a period of suspension had been "prescribed" within the meaning of § 19.2-306. If such period had been "prescribed," then running of the shorter time within which the court could revoke will be triggered; if such period had not been "prescribed," then the time for revocation extends through the maximum period for which defendant could originally have been sentenced.

Words in a statute are to be construed according to their ordinary meaning, given the context in which they are used. *Loyola Federal Sav. & Loan v. Herndon Lumber,* 218 Va. 803, 805, 241 S.E.2d 752, 753 (1978). To "prescribe" means "to lay down authoritatively as a guide, direction, or rule of action." Webster's Third New International Dictionary 1792 (1981). Use of "prescribe" ordinarily indicates that the action shall have prospective

rather than retrospective effect. *Commonwealth, ex rel. Town of Appalachia* v. *Old Dominion Power Co.,* 184 Va. 6, 15, 34 S.E.2d 364, 367-68 (1945).

Before applying these concepts to the facts of this case, we should examine the statutory scheme relating to suspension and probation, keeping in mind the distinct terms: suspended imposition of sentence, suspended execution of sentence, and probation.

■ Code § 19.2-303 permits the trial court, after conviction, to "suspend imposition of sentence or suspend the [execution of] sentence in whole or part and *in addition* [to] place the accused on probation." (Emphasis added.) Section 19.2-304 deals with probation only and permits the court to increase or decrease the period of probation or modify any condition of probation. Code § 53-272 also provides that "the court may suspend the execution of sentence, in whole or in part, or the imposition of sentence or commitment, *and may also place the defendant on probation* under the supervision of a probation officer, during good behavior for such time and under such conditions of probation as the court shall determine." (Emphasis added.) That statute also permits the court under specified circumstances to suspend or otherwise modify the unserved portion of a sentence and place the defendant on probation. Inherent in the power granted under § 19.2-303 and § 53-272 to suspend imposition or execution is the power to place conditions on such suspension. *Dyke* v. *Commonwealth,* 193 Va. at 484, 69 S.E.2d at 486.

Consequently, we see the statutes distinguish between a suspension, either of imposition of sentence or of execution of sentence, on the one hand, and probation, on the other hand. 193 Va. at 482-83, 69 S.E.2d at 486. The effect of defendant's argument is to treat the terms synonymously.

■ In the present case, the September 1976 sentencing order suspended imposition of sentence and established five terms and conditions of suspension: (1) that defendant behave; (2) that he be subject to supervised probation; (3) that he obtain a General Educational Development certificate and seek employment while so doing; (4) that he reside with his mother unless permitted by his probation officer to live elsewhere; and (5) that he immediately pay a portion of the court costs. No time period for the suspension was laid down; none was "prescribed."

Subsequently, one of the conditions of the suspension was eliminated in the July 1978 order that provided defendant was "re-

leased from supervised probation." The order did not release the suspension, only the element of probation. Even if, as defendant contends, all the while blurring the distinction between suspension and probation, the 1978 order set an end to a period of suspension *and* probation that commenced in 1976, that act of termination cannot, by inversion, be converted into an act of "prescribing" a period of probation or suspension retroactively.

Presumably, defendant paid the portion of court costs on the day the 1976 order was entered. Thus, when he was released in 1978 from supervised probation, two of the five conditions of the suspension had been fulfilled; the three other conditions remained outstanding. At that time, if defendant had any uncertainty whether he was still subject to the sentencing authority of the court, he should then have sought an order of complete discharge. 193 Va. at 483-84, 69 S.E.2d at 486.

Consequently, no time having been set or "prescribed" for the suspension, the sentencing authority of the trial court under § 19.2-306 was still viable in 1981 and extended through the maximum period for which defendant might originally have been sentenced to imprisonment. *See Smith* v. *Commonwealth,* 222 Va. 700, 284 S.E.2d 590 (1981); *White* v. *Commonwealth,* 170 Va. 641, 196 S.E. 610 (1938); *Richardson* v. *Commonwealth,* 131 Va. 802, 109 S.E. 460 (1921). Accordingly, we hold the trial court had the power to revoke the suspension and to pronounce the sentence that might have been originally imposed.

Because of the view we take of the controlling question in the case, we do not reach for decision the other issue raised by defendant. He claims the trial court erred by failing to grant defendant's motion, made under Code § 19.2-319,* that the execution of his two-year sentence be postponed pending this appeal. That issue is moot. We granted defendant supersedeas after the appeal was awarded. Also, defendant was sentenced to the penitentiary for six years on one of the drug charges on the same day the final order in this case was entered, and defendant concedes he has suf-

---

* The statute provides, in part:

"§ 19.2-319. When execution of sentence to be suspended; bail.—If a person sentenced by a circuit court to death or confinement in the penitentiary indicates an intention to apply for a writ of error, the court shall postpone the execution of its sentence for such time as it may deem proper."

fered no prejudice by the trial court's denial of his motion under § 19.2-319.

For these reasons, the judgment of the trial court will be

*Affirmed.*