## CIRCUIT COURT OF ROCKINGHAM COUNTY

Ben Fuller Fordney et al.

v.

Harrisonburg
City Council et al.

March 1, 2000

Case No. (Chancery) CH-00-17704

BY JUDGE JOHN J. MCGRATH, JR.

This case is currently before this Court on Plaintiffs' Motion for Judgment. Pursuant to Virginia Code § 15.2-2653, the Plaintiffs are asking this Court to invalidate a December 21, 1999, action of the City Council of Harrisonburg, Virginia, and a resolution of City Council, purporting to reflect said action, which authorizes the City Manager to incur debt in the amount of $6.41 million to provide funding for a municipal golf course project. The stipulated facts of this case are as follows.

In early 1999, the City Council voted to undertake the development and operation of a public golf course on City-owned property. In order to finance this project, the Council decided to borrow the necessary funds. The construction of the golf course is scheduled to begin in the spring of 2000; however, to insure that the bonds and note could be issued as "qualified tax exempt obligations," the Council decided to borrow the $6.14 million before the end of 1999. Having the bonds and note issued as a "qualified tax exempt obligation" would save the City over $500,000 in interest payments. In

furtherance of this endeavor, the Council scheduled a public hearing on December 21, 1999, to consider the proposed issuance of the bonds and note. A written notice of the public hearing was published once a week for two consecutive weeks in the *Daily News Record*, Harrisonburg's local newspaper.

On December 17, 1999, each member of the city council received a copy of an Agenda package for the December 21 meeting; this package included the Agenda for that meeting, along with "Agenda Item Action Requests" for various items on the Agenda. The "Agenda Item Action Request" is a standard form used by the City staff to describe the proposed action to be taken by the City Council in connection with a particular Agenda item. The Agenda described item number five as a "Public Hearing — Proposed issuance of bonds and bond anticipation notes to finance a golf course and related capital improvements in the City of Harrisonburg, Va., and on budget amendments necessary for development of a golf course." Included in this package was an "Agenda Item Action Request" for item number five. It stated that following the public hearing, the council may consider two actions; (1) "a resolution authorizing the financing of the golf course" and (2) "amendments to the fiscal year 1999-2000 budget necessary to establish a capital projects fund for the development of a golf course." The package delivered to the councilmen contained copies of the proposed resolution and various other documents related to the golf course resolution; however, a specimen copy of the Note was inadvertently omitted. No other resolution regarding the financing of a golf course was attached to the Agenda Item Action Request for Agenda item number five or to any other portion of the overall Agenda package.

As a service to the community, the City makes the Agenda package readily available to the public by placing a copy at the local library. The copy at the library, however, was not identical to the package sent out to the councilmen; due to time and cost, the City Clerk does not always include all attachments to the Agenda if they are bulky. Among the attachments omitted from the library copy (and the copy sent to the local news media) was the Resolution and the sixty pages of documents related to the Resolution. Although the library copy included the Agenda Item Action Request for Agenda item number five, it differed from the one sent to the councilmen in that it only listed two attachments instead of three as on the councilmen's copy; the omitted listed attachment was the proposed bond Resolution. Furthermore, the library copy said that, after the public hearing, the Council would consider "a resolution authorizing the financing of the golf course" and omitted the second consideration listed in the councilmen's package. Despite these omissions however, the public had access to the Agenda and all attachments through the Freedom of Information Act by going to the City

Clerk and asking to see a copy. No member of the public ever made a request to review or obtain a copy of the Resolution or any documents related to the Agenda.

At the December 21, 1999, meeting, the Mayor read the description of Agenda Item number five and the City Manager then introduced the matter and noted that two attorneys would present brief reports regarding the issuance of the bonds and note to finance the golf course. It was also announced that following the public hearing, the Council would have to consider two actions: (1) the resolution authorizing the financing of the golf course, and (2) an amendment to the fiscal year 1999-2000 budget to establish a capital projects fund for the development of the golf course. After the attorneys made their reports, the meeting was temporarily closed and a public hearing was convened in which public comments were received regarding the golf course. Subsequent to the hearing, the meeting was resumed, various members of the Council made comments regarding the golf course financing, and a Council member made a motion to approve the Resolution authorizing the issuance of the bonds and the note. The motion was seconded, voted on, and passed unanimously. A motion was then made to approve the budget amendment, and it too was passed unanimously.

On December 22, 1999, City officials filed a copy of the foregoing that was approved by the City Council in the Clerk's Office of the Circuit Court of Rockingham County. This copy included Attachment A to the Bond Resolution, the bond anticipation note, which had not been included in the documents contained in the Agenda package sent to the members of the City Council before the December 21, 1999, meeting. At its January 11, 2000, meeting, the City Council approved the minutes of the December 21, 1999, meeting; the minutes were identical to the text of the Resolution filed in the Circuit Court of Rockingham County.

Plaintiffs contend that this Court should invalidate City Council's action and Resolution based on three separate counts. Count number Two has been nonsuited, so only Counts One and Three will be discussed. The first count of Plaintiffs' Motion for Judgment claims that the Resolution was not properly introduced and adopted by the Council at the December 21, 1999, meeting.

Section 15.2-2607 of the Public Finance Acts does not dictate any particular procedure for the introduction of a bond resolution. In fact, the only requirements for the adoption of such a resolution are contained in § 15.2-2606, which pertains to notice and hearing. Prior to authorizing the issuance of a bond, the governing body of a locality must hold a public hearing on the proposed bond issue, and a notice of that hearing must be published once a week for two successive weeks in a local newspaper. The parties have

stipulated that this was done. Section 15.2-2606 requires that the notice states (1) the general purpose or purposes and (2) the maximum amount of the bond proposed to be issued and (3) the time and place of the hearing at which persons may appear and present their views. It is clear from the notice published in the *Daily News Record* that all these requirements have been met. Section 15.2-2607 requires that the bond resolution be "introduced" before it is acted upon. Aside from this, there are no other requirements or procedures for the introduction of a bond resolution. According to *The Random House Unabridged Dictionary* (2d ed. 1993), the term "introduce" means to "present for official consideration for action, as a legislative bill." Since the Public Finance Act does not define the term otherwise, this general and ordinary meaning must be used. *See Grant v. Commonwealth*, 223 Va. 680, 684 (1982).

Prior to the December 21, 1999, meeting, all the councilmen received a copy of the Agenda with the Resolution attached to it. At the meeting, the City Mayor read item number five on the Agenda, and the City Manager explained how they would be proceeding with the issue. Subsequent to this introduction, reports of two attorneys regarding bonds, and the public hearing, a motion was made to adopt the "resolution authorizing the financing of the golf course." There was only one resolution in the packet regarding the financing of the golf course; hence, there could be no question about which resolution the motion referred to. Because no formalities are required by law, the resolution was identified and attached to the Agenda received by the councilmen, it was introduced by the City Manager, discussed during the hearing, and moved by a councilman, this Court finds that the procedures taken by the City Council were sufficient to introduce and approve the bond resolution. *See County of Fairfax v. Southern Iron Works*, 242 Va. 435 (1991).

Count Three of Plaintiffs' Motion for Judgment contends that the resolution is not valid because the City Council did not wait the mandatory three days before introduction of it and approving it. They claim that this waiting period is required by § 57 of the Harrisonburg Charter, enacted in 1952. This section requires that certain resolutions, including one authorizing the borrowing of money, may not be passed by the City Council until at least three days after its introduction.

However, § 15.2-2607 of the Public Finance Act authorizes a local governing body to approve the issuance of bonds at the same meeting at which the bond resolution is introduced. Moreover, § 15.2-2601 of the Public Finance Act provides, in part, that:

the provisions of this chapter are *in addition to* the powers conferred by any charter or special or local act, and a locality may issue bonds, at the election of its governing body, under either (i) the provision of this chapter without regard to the requirements, restrictions, or other provision contained in any charter or local or special act applicable to the locality or (ii) the provisions of such charter or local or special act

....

Va. Code § 15.2-2601 (emphasis added). Furthermore, under generally accepted principles of statutory construction, the terms of a general law and the terms of a charter are to be construed together if at all possible. *See Kole v. City of Chesapeake*, 247 Va. 51, 56 (1994). And every part of an act is presumed to be of some effect and is not to be treated as meaningless unless absolutely necessary. *See Garrison v. First Federal Savings & Loan*, 241 Va. 335 (1991). Therefore, giving § 15.2-2601 of the Public Finance Act a fair reading, along with the Charter for the City of Harrisonburg, it is clear to this Court that the Harrisonburg City Council has the right to elect whether they will proceed under the Public Finance Act or under its charter.

In the case at hand, the City Council made their election to proceed under the Public Finance Act contained in the Code of Virginia. In fact, the Council specifically referred to the Public Finance Act two distinct times in the Resolution regarding the golf course funding. Under the Public Finance Act, the Council was permitted to act in the manner that it did.

Finally, this Court must recognize that under well established principles of law, when this Court is asked to invalidate bonds issued by the City Council, it may only do so only if it finds "substantial defects, material errors, and omissions in the bond issue" and that "matters of form shall be disregarded." Va. Code § 15.2-2658; see also *Harper v. City of Richmond*, 220 Va. 727 (1980) (stating that Va. Code § 15.2-2658 is "a codification of the general principle that the validity of a bond issue will be sustained by the courts, if possible"). In light of this standard and the foregoing discussions of Counts One and Three to the Plaintiffs' Motion for Judgment, this Court finds that, assuming *arguendo*, that there was some deficiency in the precise administrative procedure used in authorizing the bonds or making explicit election to proceed outside of § 57 of the City Charter, such deficiencies would not be considered "substantial defects, material errors, or omissions" justifying the judicial nullification of the bond issuance. Therefore, the Plaintiff's Motion for Judgment is dismissed.

The clerk of the court is ordered to send certified copies of this opinion and order to Patrick M. McSweeney and John L. Marshall, Jr., Counsel for

388

Plaintiffs, and Holmes C. Harrison, III, and Earl Q. Thumma, Jr., Counsel for Defendants, and Sandra Jones McNinch and Carter Glass, IV, Counsel for Defendants.