COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and Petty
Argued at Richmond, Virginia


ANGELINA LYNN HEIDERSCHEIDT
                                                MEMORANDUM OPINION[*] BY
v.        Record No. 1298-08-4                  JUDGE WILLIAM G. PETTY
                                                     JUNE 9, 2009
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                     Herman A. Whisenant, Jr., Judge Designate

            Kevin J. Gerrity, Assistant Public Defender, for appellant.

            Leah A. Darron, Senior Assistant Attorney General (Robert F.
            McDonnell, Attorney General; William C. Mims, Attorney
            General, on briefs), for appellee.


       On appeal, Angelina Lynn Heiderscheidt argues that the trial court lacked jurisdiction to

determine that she had violated the conditions of her probation because the period of her probation

had expired at the time the violations occurred.  For the reasons stated below, we affirm the

conviction.

                                            I.

       On June 22, 1995, the Circuit Court of Fauquier County entered a standing order providing

that "all persons granted and placed on probation" in Fauquier County from that time forward

would be "probationed . . . under the terms and conditions ordered by the Court set out as conditions

eleven (11) through sixteen (16) below, which shall automatically become a part of every probation

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

order[.]"[1]  The order was recorded in the court's Miscellaneous Order Book 5, page 1769.

Paragraph fourteen of the order requires that all persons on probation:

> Shall pay the fine, if any, and costs of this prosecution together with interest to the Clerk of this Court within six (6) months.  (If said fine and costs are not paid prior to the termination of probation, probation shall automatically be extended until a hearing shall be conducted.)

Five years later, in June 2000, Heiderscheidt pleaded guilty to one count of prescription fraud in violation of Code § 18.2-258.1.  The trial court sentenced Heiderscheidt to serve three years' incarceration to run consecutive to any other sentence she had to serve, and assessed costs in the total amount of $666 against Heiderscheidt.  The trial court then suspended all but twelve months of the sentence and placed Heiderscheidt on probation for a period of three years to commence upon her release from custody.  Heiderscheidt was to "comply with all of the terms and conditions of probation as set forth in the order of this Court entered on June 22, 1995 in Miscellaneous Order Book 5, page 1769."

Heiderscheidt began her term of probation upon her release from incarceration on November 3, 2003.[2]  At the time of her release, Heiderscheidt's probation officer reviewed the terms and conditions of her probation with her and advised her that "her minimum date of release from supervision was November of 2006, but she would remain under supervision until she received a final release."

On May 8, 2007—six months after her specific three-year term of probation expired on November 4, 2006—Heiderscheidt's probation officer sent a letter to the trial court requesting that Heiderscheidt's probation be extended two more years because Heiderscheidt never had paid

---

[1] Paragraphs one through ten of the 1995 order enumerated "the terms and conditions prescribed by the Virginia Department of Corrections . . . ."

[2] Heiderscheidt's active sentence on the charge that underlies this appeal was served consecutive to sentences on other, unrelated charges.

her court costs.  On May 18, 2007, the trial court entered an order that extended her supervised probation for an additional two years, until November 4, 2008.  Although Heiderscheidt endorsed the order, the record does not reflect whether there was a hearing prior to the extension of Heiderscheidt's probation.

On January 16, 2008, Heiderscheidt's probation officer sent a letter to the trial court, alleging that Heiderscheidt had violated her supervised probation.  The probation officer reported that Heiderscheidt (1) failed to abide by all federal, state, and local laws as demonstrated by a September 13, 2007 misdemeanor conviction of driving on a suspended driver's license as well as a misdemeanor embezzlement conviction in another jurisdiction on January 1, 2008; (2) changed her residence several times since 2007 without notifying her probation officer; and (3) failed to pay her court costs in full.

In response, the trial court issued a capias for Heiderscheidt to show cause why her probation should not be revoked.  Heiderscheidt filed a motion to dismiss, arguing that the trial court lacked jurisdiction.  At the hearing on the motion to dismiss, Heiderscheidt argued that the behavior alleged in the probation violation letter all took place after her original term of probation ended on November 4, 2006.  She also argued that the May 18, 2007 order that purported to extend the period of her supervised probation until November 4, 2008 was not legitimate under Code § 19.2-304 because she was denied her right to a hearing before her probation was extended.

Following the hearing, the trial court denied Heiderscheidt's motion to dismiss, explaining that she had adequate notice of the conditions of her probation and that the probation was for a set duration:

> It wasn't indefinite probation.  There was a term of probation.  But that term was predicated on her fulfilling certain conditions.  One is paying fines and costs.  She didn't do that.

> I don't think there's any question that she was on probation. So the motion to dismiss is going to be denied at this time and we'll proceed on the revocation.

The trial court then took evidence regarding the probation violations and revoked one year of Heiderscheidt's previously suspended sentence. This appeal followed.

## II.

On appeal, Heiderscheidt asks this Court to determine whether the trial court erred "in denying appellant's motion to dismiss, finding it still maintained jurisdiction over the appellant, and that her term of supervised probation had been validly extended beyond its original expiration date." Because the trial court's refusal to grant the motion to dismiss involves a purely legal determination, we review it *de novo* on appeal. See Young v. Commonwealth, 273 Va. 528, 533, 643 S.E.2d 491, 493 (2007).

According to Code § 19.2-303, "[a]fter conviction, whether with or without jury, the court may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the defendant on probation under such conditions as the court shall determine . . . ." This "statute places wide discretion in the trial court to determine what conditions are to be imposed in each particular case." Jackson v. Commonwealth, 29 Va. App. 418, 423, 512 S.E.2d 838, 841 (1999). A trial court may modify both the conditions of probation and the period of probation "but only upon a hearing after reasonable notice to both the defendant and the attorney for the Commonwealth." Code § 19.2-304. Our Supreme Court has "noted the wide latitude the legislature has afforded trial courts in fashioning rehabilitative programs for defendants." Nuckoles v. Commonwealth, 12 Va. App. 1083, 1085, 407 S.E.2d 355, 356 (1991) (citing Grant v. Commonwealth, 223 Va. 680, 685, 292 S.E.2d 348, 351 (1982)). Accordingly, the "probation statutes . . . should be liberally construed to provide trial courts a valuable tool for

rehabilitation of criminals." Grant, 223 Va. at 685, 292 S.E.2d at 350 (citing Dyke v.

Commonwealth, 193 Va. 478, 484, 69 S.E.2d 483, 486 (1952)).

Heiderscheidt reasons that the trial court was without jurisdiction to revoke her probation

in January 2008 because the three-year term of probation set forth in her original sentencing

order expired in November of 2006. Thus, she argues, the May 2007 order extending her

probation was invalid and she was no longer subject to the terms of her probation when her

probation was revoked in January 2008. At the same time, though, Heiderscheidt does not

dispute that she failed to pay her court costs during the original term of probation, nor does she

dispute that the 1995 standing order was incorporated into her sentencing order and constituted

the terms and conditions of her probation.[3]

We do not agree with Heiderscheidt's premise. While Heiderscheidt's sentencing order

set a three-year probation period, the 1995 order further provided that—in the event court costs

were not paid during the probation period—probation would be extended until the court held a

hearing. Thus, by operation of the 1995 order, Heiderscheidt remained under the trial court's

jurisdiction after the specific three-year term expired and she was still under the trial court's

jurisdiction when it entered the May 2007 order extending her probation another two years for

failure to pay her court costs.[4] Because of that extension, Heiderscheidt was still bound by the

---

[3] We note that the trial court entered another standing order in 2002 that modified the terms of the 1995 order and applied "henceforth [to] all persons granted and placed on probation . . . ." However, the record does not indicate whether this modification complied with the notice and hearing provisions of Code § 19.2-304, which states in pertinent part that a trial court "may subsequently . . . modify any condition of probation, but only upon a hearing after reasonable notice to both the defendant and the attorney for the Commonwealth." Accordingly, we do not consider the terms of the 2002 order.

[4] Because the end of the period of probation in this case was predicated on the occurrence of two definite events—the expiration of three years and, if not already paid during that three years, the payment of court costs—we note that this case does not involve an indefinite term of probation. Cf. Hartless v. Commonwealth, 29 Va. App. 172, 510 S.E.2d 738 (1999).

terms and conditions of her probation that she was found to have violated at the time of the revocation hearing below.

Heiderscheidt, however, claims that the May 2007 order was void because she was not afforded a hearing as required by Code § 19.2-304.  We disagree.  Even assuming *arguendo* that the May 2007 order was entered without a hearing, the order would merely be voidable.[5]

> If the [trial] court has jurisdiction of the subject matter of the controversy, and the parties are before it, . . . a mistaken exercise of that jurisdiction does not render its judgment void.  The court has jurisdiction to err, as well as to correctly adjudicate the questions before it for decision, and the remedy to correct the errors of the court is solely by appeal.

Erickson-Dickson v. Erickson-Dickson, 12 Va. App. 381, 388-89, 404 S.E.2d 388, 392 (1991) (citations omitted).  Therefore, the May 2007 order was binding because it was neither vacated by the court that issued it within the twenty-one-day time period of Rule 1:1, nor overturned by an appellate court.  Wright v. Commonwealth, 52 Va. App. 690, 704, 667 S.E.2d 787, 794 (2008) (citations omitted).

### III.

For the foregoing reasons, the trial did not err when it denied Heiderscheidt's motion to dismiss.  At the time of the revocation hearing at issue in this case, the trial court had jurisdiction over Heiderscheidt.  We therefore affirm.

<u>Affirmed.</u>

---

[5] Heiderscheidt endorsed the order extending her probation, and she does not contest that she had notice of the extension.