COURT OF APPEALS OF VIRGINIA

Present:   Judges Ortiz, Frucci and Bernhard
Argued at Fairfax, Virginia

**PUBLISHED**

STACY LAMAR ELLIS

v.        Record No. 0253-24-4

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE DANIEL E. ORTIZ
APRIL 22, 2025

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Tracy C. Hudson, Judge

Stefani C. Evans, Assistant Public Defender, for appellant.

Rebecca Johnson Hickey, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.

In *Shifflett v. Commonwealth*, 81 Va. App. 277, 284 (2024) (en banc), this Court recognized

that "[c]ircuit court judges must rely upon probation officers to supervise the administration and

logistics of conditions of probation articulated at sentencing as 'special conditions'"; i.e., conditions

that are not "technical" under Code § 19.2-306.1.  But, notwithstanding this permissible delegation

of *supervisory* authority, a court may not rely upon probation officers to independently impose

"special conditions."  That task is reserved for the circuit court at sentencing.

In this case, following convictions for failure to register as a sex offender and failure to

register as a violent sex offender, the circuit court suspended Stacy Lamar Ellis's sentence on the

condition that he "fully comply with all the terms and provisions of the contract with the Adult

Probation and Parole Department."  Probation imposed several "Special Sex Offender

Instructions," which Ellis violated.  The circuit court held that Ellis's violations were "special,"

rather than technical, and imposed a term of active incarceration.  On appeal, Ellis assigns error

to this characterization of his violations, and we agree.  Because Ellis's conduct amounted to a

failure to "follow the instructions of the probation officer" under Code § 19.2-306.1(A), we hold that he committed only a first technical violation and accordingly reverse the circuit court's imposition of a term of active incarceration.

BACKGROUND

The relevant facts are undisputed.

In June 2023, Stacy Lamar Ellis pleaded guilty to one count each of failure to register as a sex offender and failure to register as a violent sex offender. The circuit court sentenced Ellis to six years' incarceration with all but time served suspended. The court conditioned the suspension of Ellis's sentence on three years' supervised probation, beginning July 21, 2023, and observance of conditions listed in the sentencing order. Under the heading "Special conditions of Suspended Sentence," the court required Ellis, inter alia, to complete a substance abuse evaluation and any necessary treatment, completely abstain from the use of alcohol and illegal substances, and "fully comply with all the terms and provisions of the contract with the Adult Probation and Parole Department."

In October 2023, Ellis's probation officer filed a major violation report and addendum ("MVR"), alleging violations of numerous conditions imposed on him by the probation office. In addition to his failure to report and to remain drug and alcohol free, the MVR alleged Ellis violated several "Sex Offender Special Instructions" that were part of the "contract" between Ellis and probation. The "[s]pecial [i]nstructions" included: not using social media; compliance with GPS monitoring; curfew restrictions; and not traveling outside of Prince William County without permission. The MVR alleged that Ellis had contacted a past victim over Facebook, broken curfew numerous times, and left the county.

At the revocation hearing, Ellis's supervising probation officer confirmed that the special instructions were "[p]robation imposed" and that probation "didn't get an order from the [c]ourt

to do that." The Commonwealth noted that it was the "policy of [p]robation" for someone convicted of failure to register to be "subjected to special sex offender conditions."

Ellis "concede[d]" the technical violations of failing to report and remain substance free, but the parties disputed whether Ellis's failure to follow the "Sex Offender Special Instructions" noted in the MVR constituted special or merely technical violations. Relying on *Thomas v. Commonwealth*, 77 Va. App. 613 (2023), *Burford v. Commonwealth*, 78 Va. App. 170 (2023), and *Commonwealth v. Delaune*, 302 Va. 644 (2023), Ellis argued that the key question was whether "the conduct is the same as what is in a technical violation." He reasoned that, "because the trial court didn't put in [its sentencing order] that [Ellis] was supposed to abide by these special conditions and that was something that [p]robation did on their own," the relevant "conduct" was merely his failure to follow the "rules of probation," his "first technical violation."

The circuit court rejected this argument, holding that, "when the [c]ourt orders [Ellis] to comply with his contract with the Probation Department, that includes the terms that he signs up for. And, in this case, he signed up for the sex offender terms." The court found that, by failing to follow the "special sex offender conditions" in "the contract," Ellis had committed non-technical violations. The court revoked part of Ellis's suspended sentence and imposed a total of four years' active incarceration.

Ellis timely appealed.

ANALYSIS

Ellis assigns error to the circuit court's determination that his violations were non-technical under Code § 19.2-306.1 and therefore to the court imposing active incarceration.[1] Ellis does not challenge the trial court's underlying factual findings, therefore the only question is whether Ellis's undisputed conduct was a "technical violation" within the meaning of Code § 19.2-306.1(A).  The meaning of a statute "is a pure question of law which we review de novo." *Heart v. Commonwealth*, 75 Va. App. 453, 460 (2022) (quoting *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022)).  "[W]hen construing a statute, our primary objective is 'to ascertain and give effect to legislative intent,' as expressed in the language used in the statute." *Shifflett v. Commonwealth*, 81 Va. App. 277, 289 (2024) (en banc) (quoting *Diaz-Urrutia v. Commonwealth*, 77 Va. App. 182, 190 (2023)).  Additionally, "[t]he probation statutes are highly remedial and should be liberally construed" to afford courts "latitude to rehabilitate" the individuals before them.  *Commonwealth v. Canales*, ___ Va. ___, ___ (Apr. 10, 2025) (quoting *Grant v. Commonwealth*, 223 Va. 680, 684 (1982)); *Hannah v. Commonwealth*, 303 Va. 106, 119 (2024).

For the reasons articulated below, we agree with Ellis that his violations were technical, and we reverse the judgment of the circuit court.

I.

Subject to certain conditions not at issue here, "in any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court."  Code § 19.2-306(A).  Upon

---

[1] Ellis argued in the alternative that, even if his violations were non-technical, the trial court abused its discretion by imposing four years of active incarceration.  Because we agree with Ellis on the first assignment, *see infra*, we need not examine the second.

- 4 -

determining that a defendant has violated the terms of his suspended sentence, a circuit court may revoke that suspension and "impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C).

Code § 19.2-306.1 "creates two tiers of probation violations: (1) technical violations, based on a probationer's failure to do one of ten enumerated actions, and (2) non-technical violations." *Heart*, 75 Va. App. at 466. Under Code § 19.2-306.1(B), the circuit court "may revoke the suspension and impose or resuspend any or all of that period previously suspended" for a violation "*other than . . .* a technical violation" under § 19.2-306.1(A) or "a good conduct violation that did not result in a criminal conviction." (Emphasis added). But Code § 19.2-306.1(C) "limits the period of active incarceration that a circuit court can impose" for a violation that is merely "technical." *Heart*, 75 Va. App. at 460 (quoting *Green* 75 Va. App. at 78). As relevant here, § 19.2-306.1(C) states that a circuit court "shall not impose a sentence of a term of active incarceration upon a first technical violation."

A "technical violation" is one that "specifically matches one of the enumerated technical violations set forth in Code § 19.2-306.1(A)." *Commonwealth v. Delaune*, 302 Va. 644, 657 (2023). Those are:

> the probationer's failure to (i) report any arrest, including traffic tickets, within three days to the probation officer; (ii) maintain regular employment or notify the probation officer of any changes in employment; (iii) report within three days of release from incarceration; (iv) permit the probation officer to visit his home and place of employment; (v) follow the instructions of the probation officer, be truthful and cooperative, and report as instructed; (vi) refrain from the use of alcoholic beverages to the extent that it disrupts or interferes with his employment or orderly conduct; (vii) refrain from the use, possession, or distribution of controlled substances or related paraphernalia; (viii) refrain from the use, ownership, possession, or transportation of a firearm; (ix) gain permission to change his residence or remain in the Commonwealth or other designated area without permission of the probation officer; or (x) maintain contact with the probation officer

> whereby his whereabouts are no longer known to the probation officer.

Code § 19.2-306.1(A). Subsection (A) reflects "specific requirements imposed on all probationers supervised by probation officers." *Diaz-Urrutia*, 77 Va. App. at 193; *see Thomas v. Commonwealth*, 77 Va. App. 613, 621 (2023).

In contrast, a non-technical violation occurs when a probationer is either "convicted of a criminal offense that was committed after the date of the suspension" or, as relevant here, has "violated *another condition* other than (i) a technical violation or (ii) a good conduct violation that did not result in a criminal conviction." Code § 19.2-306.1(B) (emphasis added); *see also Thomas*, 77 Va. App. at 622. These "other," non-technical conditions imposed by the sentencing court are often called "special conditions." *Burford v. Commonwealth*, 78 Va. App. 170, 183 (2023). "Virginia courts have repeatedly looked to the conduct described in Code § 19.2-306.1 as the touchstone for evaluating whether a probationer has committed a technical violation." *Shifflett*, 81 Va. App. at 293. "[I]f the violation conduct does not 'match' that listed in Code § 19.2-306.1(A) but matches conduct covered by a non-technical 'special condition' imposed by the sentencing court, then it is not subject to any sentencing limitations." *Id.* (quoting *Burford*, 78 Va. App. at 182, 183).

We turn now to Ellis's argument under § 19.2-306.1.

## II.

The relevant underlying conduct in this case is undisputed: Ellis failed to follow the "Special Sex Offender Instructions" set by the probation office, which included not using social media, complying with GPS monitoring and travel restrictions, and following curfew.[2] Ellis argues that his conduct "matches" Code § 19.2-306.1(A)(v), failure to "follow the instructions of

---

[2] Ellis also failed to report and remain substance free, but the parties do not dispute that those violations were technical.

the probation officer," and was therefore a technical violation. The Commonwealth argues that, although the "[s]pecial [i]nstructions" were probation-imposed, because the circuit court required Ellis to "fully comply with all the terms and provisions of the [probation] contract," his failure to follow them was a non-technical, or "special condition" violation. The Commonwealth relies on *Shifflett* for the proposition that "[t]he [c]ircuit [c]ourt's reliance on probation and parole to administer and supervise this special condition does not convert a violation of that condition into a technical one." We disagree with the Commonwealth's characterization of probation's actions here.

In *Shifflett*, we readily acknowledged that judges "must rely upon probation officers" to administer the terms and conditions of probation "articulated at sentencing." *Shifflett*, 81 Va. App. at 284. As part of this relationship, the circuit court "set[s] the terms and conditions of probation" and then may "delegate to the probation office the duty of set[ting] the details." *Id.* at 292 (quoting *Fazili v. Commonwealth*, 71 Va. App. 239, 254 (2019)). Thus, "not every condition supervised by a probation officer falls under the arguably broad category of Code § 19.2-306.1(A)(v)." *Id.* at 291. "[C]ircuit court[s] must have the authority to delegate supervision of its special condition programs to probation without such supervision inherently becoming a technical violation," otherwise "almost any special condition would be a technical violation, . . . render[ing] Code § 19.2-306.1 meaningless." *Id.* at 295.

But probation officers are not judges, and, although courts must have "latitude" to accomplish the probation statutes' remedial purpose, *Hannah*, 303 Va. at 119, "circuit courts may not delegate to probation officers responsibilities that are the sole province of" the judiciary, *Fazili*, 71 Va. App. at 254. Probation is "purely a creature of statute," *Hannah*, 303 Va. at 119, and the Code is clear that, "[a]fter conviction, . . . *the court* may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the defendant on probation

- 7 -

under such conditions as *the court* shall determine," Code § 19.2-303 (emphases added).  In other words, judges alone are tasked with "balanc[ing] the appropriate punishment for the crime committed with the available rehabilitative alternatives to incarceration and the protection of the lives and property of the community if the defendant is not isolated from it."  *Diaz-Urrutia*, 77 Va. App. at 193 (quoting *Fazili*, 71 Va. App. at 250).

In contrast, probation officers are "employees of the executive branch," tasked only with "enforc[ing]" the court's sentence.  *Id.*; *Shifflett*, 81 Va. App. at 292 (quoting *Fazili*, 71 Va. App. at 255).  Although a probation officer has wide authority to "[s]upervise and assist all persons within his territory placed on probation," Code § 53.1-145.1(2), and "exercise[s] discretion" in doing so, only a court may "set[] the terms and conditions of probation," *Shifflett*, 81 Va. App. at 292 (quoting *Fazili*, 71 Va. App. at 255); *see* Code § 19.2-303.  Thus, the question of whether violative conduct by a probationer "match[es] that listed in Code § 19.2-306.1(A)" is determined only by reference to the conditions "articulated at sentencing," not the discretionary enforcement mechanisms of the probation office.  *Shifflett*, 81 Va. App. at 284, 292; *see, e.g.*, *Thomas*, 77 Va. App. at 626 (comparing language of sentencing order to prohibitions of subsection (A) to determine whether conduct was a technical violation); *Burford*, 78 Va. App. at 183-84 (same).

*Shifflett* carefully adhered to this principle while holding that, in that instance, the probationer had violated special conditions set by the sentencing court.  There, Shifflett had pleaded guilty to aggravated sexual battery and was given a suspended sentence with a term of supervised probation.  81 Va. App. at 284.  In its sentencing order, the circuit court "imposed several conditions on Shifflett's suspended sentence" not listed in Code § 19.2-306.1(A), including: "comply[ing] with a plan of 200 hours of community service coordinated through adult probation"; "successfully complet[ing] any screening, assessment, testing, treatment and/or education as directed by the probation officer"; and "immediately enroll[ing] in counseling after

- 8 -

this sentencing date with a licensed sex offender provider/counselor." *Id.* at 284, 285. Shifflett failed to successfully complete sex-offender counseling and his plan of community service, and he argued these failures were technical violations under § 19.2-306.1(A). *Id.* at 286-87. The circuit court disagreed, finding they were "'special condition' violations" and imposing a term of active incarceration. *Id.* at 287-88.

This Court affirmed. We first reiterated the principle that "the circuit court sets the terms and conditions of probation," while "probation officers enforce those terms and conditions and exercise discretion in doing so." *Id.* at 292. Thus, we explained, whether a probationer has violated a "non-technical 'special condition'" is determined by reference to the conditions "*imposed by the sentencing court*." *Id.* (emphasis added). In Shifflett's case, the community-service and sex-offender-counseling conditions were "explicitly authorized and mandated by the circuit court" and subsequently supervised by probation. *Id.* at 295, 297; *see also id.* at 298. Comparing what the "sentencing order required" to the conduct described in § 19.2-306.1(A), we held that "community service, like sex offender counseling, is not underlying conduct that matches any of the ten technical violations enumerated by the General Assembly." *Id.* at 298. Consequently, although the probation officer was "permitted to fashion the means and details" of Shifflett's conditions, *id.*, "[t]he 'underlying conduct' that [Shifflett] committed was not the failure 'to follow the instructions of the probation officer,' but rather, the failure to follow the instructions of the court" and therefore a non-technical violation. *Id.* at 296 (alterations in original) (quoting *Burford*, 78 Va. App. at 183).

Not so here.

Looking to the circuit court's sentencing order in this case, the only condition covering the violative conduct at issue was the requirement that Ellis "fully comply with all the terms and provisions of the contract with the Adult Probation and Parole Department." Unlike *Shifflett*,

- 9 -

where the sentencing order specifically required sex offender counseling and community service, Ellis's failure to comply with the "Sex Offender Special Instructions" he "signed up for" did not correspond to specific conditions mandated by the court. The "[s]pecial [i]nstructions" were entirely probation imposed, and the Commonwealth did not seek an order of the court adding similar conditions to Ellis's sentence. Thus, comparing only what the circuit court's "sentencing order required" to the enumerated violations in Code § 19.2-306.1(A), Ellis is correct that his failure to follow the probation-imposed "Sex Offender Special Instructions" squarely "matches" subsection (A)(v), failure to "follow the instructions of the probation officer."

The Commonwealth concedes that "the trial court did not impose the specific special conditions" for which Ellis was sentenced, but it nonetheless argues that his violations were non-technical for several reasons. First, the Commonwealth argues that, by "requiring Ellis to comply with all terms of his probation contract," the circuit court "*did* impose a special condition" because the specific language used by the court "does not appear in the technical violations" listed in § 19.2-306.1(A). (Emphasis added). The Commonwealth does not elaborate, but we infer that it assigns significance to the court's use of the word "contract" rather than "instructions," the term used in subsection (A)(v). This argument is easily disposed of. The language in the sentencing order need not be "identical" to subsection (A), "so long as 'the probationer's proscribed "underlying" conduct "matches" the listed technical violation in [subsection (A)].'" *Shifflett*, 81 Va. App. at 295 (quoting *Thomas*, 77 Va. App. at 624). It is standard practice for the probation office to provide written "Supervision Conditions" that must be "read, explained, and signed" at an initial interview with the probationer. Va. Dep't Corrs. Operating Procedure 920.1. Whether the circuit court refers to this initial documentation as a "contract," "instructions," or "Supervision Conditions," the "underlying conduct" required of the probationer—complying with the probation officer's directives—remains the same.

- 10 -

Second, the Commonwealth points out that Ellis's conditions of probation were listed under the heading "Special conditions of Suspended Sentence." But "courts cannot evade the limiting sentencing scheme for technical violations by 'crafting "special conditions" that encompass conduct defined by the statute as a "technical violation."'" *Burford*, 78 Va. App. at 183 (quoting *Thomas*, 77 Va. App. at 625). Again, the relevant proscribed conduct here—failure to "comply with all the terms and provisions of the [probation] contract"—"specifically matches one of the enumerated technical violations set forth in Code § 19.2-306.1(A)." *Delaune*, 302 Va. at 657. The circuit court's chosen label does not alter our inquiry.

Finally, and most fundamentally, the Commonwealth would extend *Shifflett*'s acknowledgement that "[c]ircuit court judges must rely upon probation officers to supervise . . . the conditions of probation," *Shifflett*, 81 Va. App. at 284, to an expansion of probation officers' delegatory authority. The Commonwealth argues that the circuit court in this case had the authority to delegate not only *supervision* of the conditions contained in the sentencing order, but the *imposition* of new conditions that were "'wholly independent' of the technical violations listed in Code § 19.2-306.1(A)." Under the Commonwealth's logic, provided that the court imposes a condition requiring the defendant to "fully comply" with probation, the court may find that a violation of any probation instruction, not otherwise matching the described conduct in subsection (A), is non-technical. But this is exactly what our caselaw forecloses.

To reiterate, while "circuit court[s] must have the authority to delegate *supervision*" of the conditions of probation, *Shifflett*, 81 Va. App. at 295 (emphasis added), "circuit courts may not delegate to probation officers responsibilities that are the sole province of" the judiciary, *Fazili*, 71 Va. App. at 254. Only courts are tasked with criminal sentencing and thus "set[ting] the terms and conditions of probation." *Shifflett*, 81 Va. App. at 292; *see* Code § 19.2-303. Therefore, "[i]f the *circuit court* imposed the condition, the condition is not among those listed in

Code § 19.2-306.1(A), and the probation officer merely *supervised* its implementation," then it is permissible for a court to find a violation of that condition non-technical. *Terry v. Commonwealth*, 81 Va. App. 241, 249 (2024) (emphases added). And, conversely, if the *probation officer* "imposed the condition," without any corresponding special condition articulated by the circuit court, then any violation falls under subsection (A)(v), failure to "follow the instructions of the probation officer."

Here, when the circuit court evaluated Ellis's conduct by reference to the "[s]pecial [i]nstructions" in his probation contract, rather than the conditions imposed in the court's sentencing order, the court impermissibly delegated the judicial task of crafting a sentence to the Department of Corrections. To be sure, probation officers play a critical role in enforcing probationary terms imposed by judges and "exercise discretion" in doing so. *Shifflett*, 81 Va. App. at 292. But a court may not equate probation's discretionary enforcement mechanisms to its own judicial rulings.[3] Because, in this case, the probation officer "imposed" the "Sex Offender Special Instructions" without any corresponding special conditions by the circuit court, Ellis's contravention was simply a failure to "follow the instructions of the probation officer" under Code § 19.2-306.1(A), a technical rather than special condition violation. And, because it was Ellis's first technical violation, the circuit court erred in imposing a term of active incarceration. We accordingly reverse the circuit court's revocation order and remand for the court to impose a sentence consistent with § 19.2-306.1(C)'s limitations.

---

[3] To be clear, our holding does not limit probation officers' ability to assign defendants "special instructions," like the ones at issue here, under their statutory authority to "[s]upervise." Code § 53.1-145(2). We hold only that a defendant's contravention of such "special instructions," without corresponding special conditions mandated by the court, constitutes a technical violation.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court is reversed, and we remand

for proceedings consistent with this opinion.

*Reversed and remanded.*