COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judge Elder and
          Senior Judge Hodges
Argued at Salem, Virginia


CHARLES STEVE ALLISON
                                        OPINION BY
v.    Record No. 2498-01-3    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       APRIL 29, 2003
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                      Clifford R. Weckstein, Judge

              John P. Varney (Office of the Public
              Defender, on brief), for appellant.

              Paul C. Galanides, Assistant Attorney General
              (Jerry W. Kilgore, Attorney General, on
              brief), for appellee.


     Charles Steve Allison (appellant) appeals the trial court's

decision to revoke his probation and impose twelve months of a

previously suspended sentence.  Appellant contends the trial court

erred in finding he absconded and as a result revoked his

probation more than one year after the probation period ended in

violation of Code § 19.2-306.  Finding no error, we affirm.

                           I.  BACKGROUND

     Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

the prevailing party below, granting to that evidence all

reasonable inferences fairly deducible therefrom.  See Juares v.

Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

     On June 23, 1998, appellant was convicted of possession of

cocaine and sentenced to 2 years incarceration with 20 months

suspended and one year of probation upon release. Appellant's one year of probation began October 9, 1998. Appellant signed his conditions of probation form on October 20, 1998. Those conditions of probation included, <u>inter alia</u>, appellant's agreement to obey all federal, state and local laws and ordinances; report any arrests, including traffic tickets, within three days to the probation officer; report in person, by telephone, and as otherwise instructed by the probation officer; not change his residence without the permission of the probation officer nor leave the Commonwealth of Virginia or travel outside of a designated area without permission of the probation officer, and condition 11 which specifically stated he would be considered an absconder when his whereabouts were no longer known to his supervising officer.

Initially, he met with his probation officer, Michael Smith (Smith), as required; however, he failed to meet with him after December 16, 1998. In February, 1999, Smith attempted to contact appellant at his last known address and was unable to do so. Appellant had numerous criminal charges filed against him during the time he failed to contact his probation officer. On January 8, 1999 appellant was charged with assault and battery and malicious wounding. On March 9, 1999, he failed to appear on those charges in the Juvenile and Domestic Relations District Court of Roanoke City, and a capias was issued. He was convicted of two counts of assault and battery and for failure to appear on June 4, 2001. Smith also later determined that appellant was charged with first-degree battery in Arkansas sometime between December 16, 1998 and April 2001. On June 14, 2001 the

-

Commonwealth filed a motion to revoke appellant's suspended sentence, and on June 22, 2001 the trial court revoked twelve months of appellant's suspended sentence.

At the close of the Commonwealth's case at the revocation hearing, appellant moved to strike stating:

> I'm not sure what the definition of absconding is but I don't think this is it. This probation statute says "In the event any person placed on probation shall leave the jurisdiction of the court without the consent of a judge or having obtained leave to remove to another locality violated any of the terms of this probation, he may be apprehended and returned to the court and dealt with as provided.["]  But I'm not sure that's a tolling cause or not.  But if it is a tolling cause and if that's the provision by which the Commonwealth wants to take advantage of, there's no proof that he left the jurisdiction of the court.

The trial court overruled the motion to strike and found the "language [appellant] just discussed . . . manifestly applies to a person who absents himself."  Appellant presented no evidence, and the trial court stated:

> I am satisfied beyond any doubt that during the probation period [appellant] violated the conditions of probation and suspended sentence.  In light of the case law holding such as it is, I am of [the] opinion that [appellant] cannot afford himself the benefit of that period of time during which he was not in contact with his probation officer.  And I find that he has violated the conditions of suspended sentence and probation.

Appellant appeals from that decision.

## II.  ANALYSIS

-

Appellant contends that the trial court abused its discretion by revoking his suspended sentence more than one year after his period of probation expired. Appellant argues that the evidence failed to show he "absconded" and, thus, the tolling provisions of Code § 19.2-306 did not apply. We disagree and affirm the trial court.

Code § 19.2-306 provides:

> The court may, for any cause deemed by it sufficient which occurred at any time within the probation period, or if none, within the period of suspension fixed by the court . . . revoke the suspension of sentence and any probation, if the defendant be on probation, and cause the defendant to be arrested and brought before the court at any time within one year after the probation period . . . . In the event that any person placed on probation shall leave the jurisdiction of the court without the consent of the judge, or having obtained leave to remove to another locality violates any of the terms of his probation, he may be apprehended and returned to the court and dealt with as provided above.[1]

"A trial court has broad discretion to revoke a suspended sentence and probation based on Code § 19.2-306, which allows a court to do so 'for any cause deemed by it sufficient.' The court's findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion." <u>Davis v. Commonwealth</u>, 12 Va. App. 81, 86, 402 S.E.2d 684, 686 (1991) (citations omitted).

> "The cause deemed by the court to be sufficient for revoking a suspension must be reasonable cause. The sufficiency of the evidence to sustain an order of revocation

---

[1] Code § 19.2-306 was amended in 2002.

-

> 'is a matter within the sound discretion of the trial court.  Its findings of fact and judgment thereon are reversible only upon a clear showing of abuse of discretion.'  The discretion required is a judicial discretion, the exercise of which 'implies conscientious judgment, not arbitrary action.'"

Hamilton v. Commonwealth, 217 Va. 325, 327, 228 S.E.2d 555, 556 (1976) (quoting Marshall v. Commonwealth, 202 Va. 217, 220, 116 S.E.2d 270, 273 (1960) (quoting Slayton v. Commonwealth, 185 Va. 357, 367, 38 S.E.2d 479, 484 (1946))).

In the instant case, appellant signed his conditions of probation on October 20, 1998.  Condition 11 clearly defines "absconding" from supervision.  "I understand I will be considered an absconder when my whereabouts are no longer known to my supervising officer."  This triggering event began shortly after appellant last met with his probation officer in December 1998 and could not thereafter be located.  Appellant left the "jurisdiction" of the court when he made his whereabouts unknown to Smith.  There is no requirement that appellant leave the state to engage the tolling provision.  However, even if this was a requirement, the evidence proved that during the period of time appellant was not in contact with Smith, he was arrested in Arkansas where he was charged with assault and battery.  This evidence is uncontroverted.  "[W]hen [appellant], due to his own conduct, is no longer under [the broad control of the court and the direct supervision of the court's probation officer], the act of grace in granting probation in the first place is rendered a nullity."  Rease v. Commonwealth, 227 Va. 289, 295, 316 S.E.2d 148, 151 (1984).

-

Under Code § 19.2-306, the circuit court retained jurisdiction over the suspended portion of appellant's sentence during the one-year period of his probation and for one year thereafter.  Thus, the circuit court had jurisdiction to revoke appellant's suspended sentence October 9, 1998 through October 9, 2000.  However, appellant's failure to maintain contact with his probation officer after December 1998 and his additional out-of-state charges proved that he absconded from probation supervision and the jurisdiction of the trial court.  Thus, the tolling provisions of Code § 19.2-306 were triggered, and the trial court did not err when it revoked appellant's probation on June 22, 2001.

Accordingly, we affirm the judgment of the trial court.

Affirmed.