COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, McClanahan and Senior Judge Willis
Argued at Chesapeake, Virginia


LADONNNA LOU JOYCE
                                             MEMORANDUM OPINION* BY
v.       Record No. 1907-05-1           JUDGE ELIZABETH A. McCLANAHAN
                                                 NOVEMBER 7, 2006
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                               Charles E. Poston, Judge

            Michael A. Gray, Assistant Public Defender (Alvin M. Whitley,
            Assistant Public Defender, on brief), for appellant.

            Leah A. Darron, Senior Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Ladonna Lou Joyce appeals the revocation of the suspensions of her April 11, 2003 and

February 13, 2004 sentences on numerous forgery and embezzlement convictions.  Joyce

contends the trial court erred (i) in revoking her February 13, 2004 suspensions because their

revocation was based on crimes she committed prior to that date; and (ii) in otherwise imposing

all of the unserved portions of the original sentences upon resentencing because the result was

disproportionate to the crimes that triggered the revocations.  For the reasons that follow, we

affirm the court's revocation of Joyce's April 11, 2003 suspensions and imposition of the

unserved portions of the original sentences.  However, we reverse the court's revocation of her

February 13, 2004 suspensions and remand with directions to the court to reinstate those

suspensions.


_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.  BACKGROUND

In 2003, Joyce pleaded guilty to and was convicted on five indictments, each charging one count of forgery (CR03000680).  She was sentenced to serve one year in prison on each offense, all of which was suspended.  Joyce also pleaded guilty to one count of embezzlement for which she was sentenced to serve five years in prison, with four years and six months suspended (CR03001325).  The trial court entered the final sentencing orders on all six offenses on April 11, 2003.

Later that year, Joyce pleaded guilty to and was convicted of two counts of embezzlement (CR03002069).  She was sentenced to five years in prison, with four years suspended, on each offense.  The trial court entered the final sentencing order on those two offenses on February 13, 2004.[1]

Joyce was subsequently indicted on two counts of obtaining money by false pretenses, three counts of uttering, and three counts of forgery.  Those crimes were committed in January 2004.  In October 2004, Joyce pleaded guilty to and was convicted of all eight offenses.[2]  Based on those convictions, the trial court revoked Joyce's suspensions of her April 11, 2003 and February 13, 2004 sentences.  For the April 11, 2003 sentences, the trial court imposed all five years of the original sentences on the five forgery convictions, and all four years and six months remaining on the five-year sentence on the embezzlement conviction, for a total of nine years

---

[1] In both the April 11, 2003 and February 13, 2004 sentencing orders, the trial court "suspended the execution" of all or a portion of the sentences, pursuant to Code § 19.2-306(A).

[2] With the exception of one count of uttering, Joyce was sentenced to two years each for those offenses, for a total of fourteen years, all of which was suspended.  On the remaining uttering offense, Joyce was sentenced to serve three years and seven months in prison.

and six months to serve in prison.[3]  For the February 13, 2004 sentences, the trial court imposed

all four years remaining on each of the two embezzlement convictions, for a total of eight years

to serve in prison.[4]

## II.  ANALYSIS

A trial court's revocation of a suspension of sentence will not be disturbed on appeal in

the absence of an abuse of discretion.  Allison v. Commonwealth, 40 Va. App. 407, 411, 579

S.E.2d 655, 657 (2003); Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 686

(1991).  "An abuse of discretion can be found if the trial court uses an 'improper legal standard

in exercising its discretionary function.'"  Congdon v. Congdon, 40 Va. App. 255, 262, 578

S.E.2d 833, 836 (2003) (quoting Thomas v. Commonwealth, 263 Va. 216, 233, 559 S.E.2d 652,

661 (2002)); see Hamilton v. Commonwealth, 217 Va. 325, 327-28, 228 S.E.2d 555, 556-57

(1976) (trial court abused discretion in revoking suspension without statutory authority).

### A.  February 13, 2004 sentences

Joyce contends the trial court erred when it revoked the suspension of her February 13,

2004 sentences based on the crimes she committed the previous month.  Joyce admits she did not

raise this argument in the trial court.  She asserts on appeal, however, that the ends of justice

exception to Rule 5A:18 should apply.  We agree.  See Oliver v. Commonwealth, 38 Va. App.

845, 848, 568 S.E.2d 465, 466 (2002).

"[U]nder Virginia law once a defendant receives a suspen[sion] [of] sentence, a judge's

power to revoke the suspension . . . is governed by statute."  Carbaugh v. Commonwealth, 19

---

[3] A resentencing order was entered on August 22, 2005 for the forgery convictions (CR03000680).  A separate resentencing order was entered on the same date for the embezzlement conviction (CR03001325).

[4] A separate resentencing order was also entered on August 22, 2005 for these two embezzlement convictions (CR03002069).

Va. App. 119, 123, 449 S.E.2d 264, 266 (1994) (citing Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982); Dyke v. Commonwealth, 193 Va. 478, 479, 69 S.E.2d 483, 484 (1952)). Code § 19.2-306(A) provides, in pertinent part, that when a trial court "has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time . . . within the period of suspension fixed by the court." In other words, "'the revocation of the suspension must be predicated upon a showing of conduct which occurs subsequent to the imposition of the suspen[sion].'" Oliver, 38 Va. App. at 849-50, 568 S.E.2d at 467 (quoting Bryce v. Commonwealth, 13 Va. App. 589, 590-91, 414 S.E.2d 417, 418 (1992)); see Hamilton, 217 Va. at 328, 228 S.E.2d at 557 (reversing trial court's revocation of suspension based on crime committed prior to sentence). The Commonwealth established no such predicate act for the revocation of Joyce's February 13, 2004 suspensions. The January 2004 crimes were committed prior to the imposition of the suspensions—not subsequent to them. We thus reverse the trial court's revocation of those suspensions because it did not have the statutory authority to do so.

B. April 11, 2003 sentences

Joyce does not make the same argument regarding the revocation of the suspensions of her April 11, 2003 sentences, as her January 2004 crimes clearly provided a lawful basis for revoking the suspensions of those sentences. Rather, she argues that after the revocation the trial court abused its discretion at resentencing, when it imposed all of the unserved portions of those sentences—a period of incarceration totaling nine years and six months—which she asserts is disproportionate to the predicate crimes that triggered the revocation.[5] This argument is without merit.

---

[5] Joyce also makes this argument as to her resentencing on the February 13, 2004 suspended sentences, which is made moot by our reversal of the trial court's revocation of those suspended sentences for the reasons set forth above in section A.

- 4 -

Because the trial court "originally suspended the execution of [Joyce's April 11, 2003] sentence[s]," the unserved portions of those sentences were "in full force and effect" upon the trial court's subsequent revocation of their suspension, pursuant to the express terms of Code § 19.2-306(C). And "[t]he determination under Code § 19.2-306(C) of what, *if any*, part of the restored original sentence is to be resuspended is a matter that lies within the trial court's sound discretion." Rhodes v. Commonwealth, 45 Va. App. 645, 650, 613 S.E.2d 466, 469 (2005) (emphasis added). Following revocation of the suspension of Joyce's April 11, 2003 sentences, the trial court did not abuse its discretion in imposing all of the unserved portions of those sentences—no different than had the trial court originally imposed the sentences without any suspension of their execution. See Williams v. Commonwealth, 270 Va. 580, 584, 621 S.E.2d 98, 100 (2005) ("When a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." (citation and internal quotation marks omitted)).

## III. CONCLUSION

Accordingly, we affirm the trial court's revocation of the suspensions of Joyce's April 11, 2003 sentences and imposition of all the unserved portions of those original sentences in CR03000680 and CR03001325. We reverse, however, the court's August 22, 2005 order in CR03002069 revoking Joyce's February 13, 2004 suspensions; and remand with directions for the court to reinstate the February 13, 2004 sentencing order, which suspended four years of the five-year sentence on each of two embezzlement convictions.

Affirmed in part,
reversed in part,
and remanded.
