COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Felton, Senior Judges Willis and Annunziata
Argued at Alexandria, Virginia


J.B. FARMER

                                      MEMORANDUM OPINION[*] BY
v.        Record No. 2506-06-4             JUDGE JERE M.H. WILLIS, JR.
                                            JANUARY 29, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Joanne F. Alper, Judge

Matthew T. Foley, Deputy Public Defender (Office of the Public
Defender, on briefs), for appellant.

(Robert F. McDonnell, Attorney General; Karen Misbach, Assistant
Attorney General, on brief), for appellee. Appellee submitting on
brief.


On appeal from the revocation of his probation and suspension of sentence, J.B. Farmer

contends the revocation proceeding was time barred by Code § 19.2-306. We agree. We reverse

the judgment of the trial court and order the bench warrant against Farmer dismissed.

BACKGROUND

On October 8, 1998, upon his conviction of unauthorized use of a motor vehicle, the trial

court sentenced Farmer to six months in jail, suspended for two years under supervised probation,

with a special condition that he complete sixty hours of community service with the sheriff's work

force. On February 2, 1999, the Arlington County Sheriff's Office informed the trial court that

Farmer had failed to complete the required community service. On February 23, 1999, Farmer was

arrested in Alexandria, Virginia for unrelated felonies. By letter dated April 29, 1999, his probation

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

officer notified the trial court and the Commonwealth's Attorney that Farmer had not reported as required by his probation and that he was being held in the Alexandria Detention Center on unrelated felony charges. The letter requested that a bench warrant be issued and lodged as a detainer against him. On June 2, 1999, the trial court issued a bench warrant, which was lodged in the Alexandria Detention Center as a detainer against Farmer, but was not served on him. Farmer was subsequently convicted in Alexandria Circuit Court of the unrelated felonies and was incarcerated in a Virginia correction facility until his release in 2006. On May 24, 2006, upon completion of his prison sentence for the Alexandria convictions, Farmer was served with the 1999 bench warrant charging the probation violation. On August 3, 2006, the trial court found that he had violated the terms of his probation. It revoked a portion of his previously suspended sentence, re-suspended the remaining portion, and placed him on one year of supervised probation.

ANALYSIS

The issues embraced within this appeal are whether Code § 19.2-306 authorized the revocation of Farmer's probation and suspension of sentence and whether the tolling provision of that statute takes the case out of the time constraint governing the statute's operation. The parties agree that the statute as in force in 1999 controls.

In its 1999 version, Code § 19.2-306 provided, in pertinent part:

> [T]he court may, for any cause deemed by it sufficient which occurred at any time within the probation period . . . revoke the suspension of sentence and any probation, if the defendant be on probation, and cause the defendant to be arrested and brought before the court at any time within one year after the probation period . . . . In the event that any person placed on probation shall leave the jurisdiction of the court without the consent of the judge . . . he may be apprehended and returned to the court and dealt with as provided above.

The statute required that Farmer "be arrested and brought before the [trial] court . . . within one year after the probation period." This was not done.

- 2 -

Farmer argues the trial court lacked subject matter jurisdiction to revoke his 1998 suspended sentence because his arrest more than one year after his probation expired failed to satisfy the requirement of Code § 19.2-306. "'Subject matter jurisdiction is the authority granted to a court by constitution or by statute to adjudicate a class of cases or controversies.'" Gordon v. Commonwealth, 38 Va. App. 818, 821, 568 S.E.2d 452, 453 (2002) (quoting Earley v. Landsidle, 257 Va. 365, 371, 514 S.E.2d 153, 156 (1999)). "The circuit courts of the Commonwealth are invested with jurisdiction to try criminal charges." Curtis v. Commonwealth, 13 Va. App. 622, 629, 414 S.E.2d 421, 425 (1992) (*en banc*). The issues raised by the bench warrant were extensions of Farmer's underlying criminal case, a matter already and properly before the trial court. The trial court had constitutional and statutory authority, subject matter jurisdiction, to entertain the issues raised by the bench warrant. However, its exercise of that jurisdiction was constrained by the statute's time requirement. That requirement was not met. Thus, we address whether the tolling provision of the statute applies.

We find guidance in Rease v. Commonwealth, 227 Va. 289, 316 S.E.2d 148 (1984), and Allison v. Commonwealth, 40 Va. App. 407, 579 S.E.2d 655 (2003).

In Rease, during his term of probation, Rease was arrested and confined by federal authorities, removing him from the trial court's jurisdiction. The Commonwealth lodged against him a detainer charging his probation violation. Upon his release from federal confinement, but more than one year after the expiration of his probationary period, the trial court revoked his probation and suspension of sentence. Affirming the judgment of the trial court, the Supreme Court held, "the language 'shall leave the jurisdiction of the court without the consent of the judge' manifestly applies primarily to a fugitive or to one who absconds." Rease, 227 Va. at 294, 316 S.E.2d at 151. The Court further said, "When, as here, the probationer . . . plac[es]

himself *beyond the jurisdiction and control of the sentencing court*, the one-year time constraint of § 19.2-306 is suspended." Id. at 295, 316 S.E.2d at 151 (emphasis added).

Likewise, in Allison, a probationer absconded from supervision, his whereabouts were unknown, and he was convicted and incarcerated in another state. Holding that the tolling provision of Code § 19.2-306 applied, we said, "'[W]hen [appellant], due to his own conduct, is no longer under [the broad control of the court and the direct supervision of the court's probation officer], the act of grace in granting probation in the first place is rendered a nullity.'" Allison, 40 Va. App. at 411-12, 579 S.E.2d at 658 (quoting Rease, 227 Va. at 295, 316 S.E.2d at 151).

Both Rease and Allison tied invocation of the tolling provision of Code § 19.2-306 to the probationer's having removed himself from the jurisdiction and control of the supervising court by leaving the reach of the court's writ or by making his whereabouts unknown.

This case differs from both Rease and Allison. As of April 29, 1999, the trial court, the Commonwealth's Attorney and Farmer's probation officer knew he was being held in the Alexandria Detention Center. Thereafter, he was held continuously in the Virginia penal system. Although he never reported to his probation officer, the trial court and the Commonwealth's agents knew his location, which was in reach of the trial court's writ. The trial court had the power to retrieve Farmer from any penal institution in the Commonwealth and to have him produced for a revocation hearing. Knott v. Commonwealth, 215 Va. 531, 533, 211 S.E.2d 86, 87 (1975); Code § 53.1-21(a). Thus, the tolling provision of Code § 19.2-306 was inapplicable and the trial court was constrained from exercising its subject matter jurisdiction to conduct the revocation hearing in August 2006.

Accordingly, we reverse the judgment of the trial court and order the bench warrant dismissed.

<u>Reversed and dismissed.</u>
