COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, Athey and White

JESSICA MAE BRYANT

v.      Record No. 0771-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 18, 2022

FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
Joel R. Branscom, Judge

(Correy A. Diviney; Strickland, Diviney, Segura & Byrd, on brief),
for appellant.  Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Ken J. Baldassari, Assistant
Attorney General, on brief), for appellee.


The Botetourt County Circuit Court convicted Jessica Mae Bryant of violating her felony

probation and ordered her to serve the remaining eight years and six months of her previously

suspended sentence.  Bryant asserts on appeal that the trial court abused its discretion in imposing

the balance of her sentence because she was "substantially in compliance with the terms of her

probation" and any noncompliance was "indeliberate and de minimis."  After examining the briefs

and record in this case, the panel unanimously holds that oral argument is unnecessary because "the

appeal is wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

When the revocation of a suspended sentence is appealed, "the appellate court reviews the

evidence in the light most favorable to the Commonwealth, the party who prevailed below."

*Jenkins v. Commonwealth*, 71 Va. App. 334, 339 n.2 (2019).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On August 1, 2016, the trial court convicted Jessica Mae Bryant of being eighteen years of age or older and allowing a minor under the age of fifteen to be present in a dwelling during the manufacture or attempted manufacture of methamphetamine, in violation of Code § 18.2-248.02. The trial court sentenced Bryant to ten years' imprisonment, with eight years and six months suspended, and ordered her to complete three years of supervised probation upon her release from incarceration. In December 2018, after finding that Bryant had violated the terms of her probation, the trial court revoked and re-suspended Bryant's sentence under the original terms and conditions of her supervised probation. In October 2021, the trial court again found Bryant in violation of her probation and continued sentencing until December 21, 2021. At sentencing, the trial court revoked Bryant's previously suspended sentence, re-suspended it in its entirety, and "restored [her] to supervised probation according to the original terms of her probation." The trial court further ordered that Bryant "refrain from [the] use of illegal drugs" and that she "enter into and successfully complete any [and] all substance abuse treatments recommended by" her probation officer.

On January 6, 2022, the trial court issued a capias for Bryant on an allegation that she violated her probation for the third time, just fifteen days after her previous probation violation sentencing hearing. At a subsequent hearing, probation officer Leigh Martin testified that she supervised Bryant following her release from incarceration on December 21, 2021. Martin explained that Bryant was "supposed to report immediately to probation when she was released" but failed to do so and only reported the next day after someone in the probation office directed her to report immediately. When Bryant reported on December 22, 2021, Martin told her to contact The Hope Initiative of the Bradley Free Clinic (the clinic) for drug treatment. Bryant tested negative for any illegal substances on December 22, 2021. Martin advised Bryant to report to probation again one week later, on December 29, 2021.

Bryant went to the probation office on December 29, 2021, but again only after a probation officer contacted her and instructed her to report. Bryant told Martin that she had left messages with the clinic, but had received no return calls. Bryant tested positive for methamphetamine at the probation office, and lab results subsequently confirmed that Bryant was positive for amphetamines and LSD. Martin again told Bryant to contact the clinic. Martin later testified that a person affiliated with the clinic confirmed that Bryant made contact, "but it wasn't recent contact," and Bryant "was not pleased with where she was referred to." Based on that information and the positive drug screen, combined with the fact that Bryant was pregnant, the probation officer issued a new violation.

Bryant testified that she could not get in contact with her probation officer on the day that she was released from jail and claimed that she tried all the phone numbers she had, including the jail, but could not reach anyone. Bryant also said that she called "the Roanoke probation officer and left a message with them trying to report with them." She testified that she reported the next morning after getting her probation officer's cell phone number. Bryant explained that, although she was released at 3:17 p.m. on December 21, she did not report to the probation office in person because she has always called her probation officer to schedule meetings in the past. Bryant maintained that once her probation officer told her to report, she came to the probation office. She also insisted that she "called Hope Initiative every day that [she] was out and left a message."

Bryant denied making a statement that she did not want any of the services offered by the clinic. Bryant also denied using any illegal drugs following her release from incarceration in December. Rather, Bryant claimed that she got into an argument with her probation officer on December 29, 2021, and decided that the best thing for her to do was to walk away. So she left the office and said she would try to get a new probation officer. Bryant stated that her drug screen was

the result of a "false positive" and accused Martin of lying. She asked that she be given the "benefit of the doubt."

The trial court found Bryant in violation of the terms of her probation. The trial court rejected the possibility that "the people that are involved in this are [] going to lie about testing positive" and further observed that her positive drug test was confirmed through "the follow-up screen." The trial court also found that no one would "make up words and put them in [her] mouth about treatment." The trial court observed that when Bryant was last before the court, she promised to get treatment and report to probation immediately upon release, but instead Bryant used narcotics while she was pregnant. The trial court then reminded Bryant that it told her it would revoke the remaining balance of her suspended sentence if she returned on a new probation violation. The trial court revoked Bryant's remaining suspended sentence in its entirety and recommended that she be screened for the therapeutic community while incarcerated. Bryant timely noted her appeal.

## ANALYSIS

Bryant asserts on appeal that the trial court abused its discretion in revoking her suspended sentence in its entirety because she was "substantially in compliance with the terms of her probation" and any noncompliance was "indeliberate and de minimis." We disagree.

### Standard of Review

"Whether to revoke the suspension of a sentence lies within the sound discretion of the trial court, whose findings of fact and judgment will not be reversed absent a clear showing of an abuse of discretion." *Keeling v. Commonwealth*, 25 Va. App. 312, 315 (1997). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse merely because it would have come to a different result in the first instance." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) (alterations in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)).

- 4 -

[A] court abuses its discretion: "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment."

*Lawlor*, 285 Va. at 213 (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)).

Procedural Default

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purposes of Rule 5A:18 are to allow the trial court the opportunity to take appropriate action to correct the error and to avoid unnecessary appeals by affording the trial judge an opportunity to rule intelligently on objections." *Pick v. Commonwealth*, 72 Va. App. 651, 666 (2021) (quoting *Bethea v. Commonwealth*, 68 Va. App. 487, 498 (2018)). Bryant concedes that she did not object to the revocation of her suspended sentence, but she requests that this Court consider the matter under the ends of justice exception to Rule 5A:18.

"'The ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 220 (1997)). "This Court considers two questions when deciding whether to apply the ends of justice exception: '(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice.'" *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)).

In order to show that a miscarriage of justice has occurred, thereby invoking the ends of justice exception, the appellant must demonstrate that he or she was convicted for conduct that was not a

criminal offense or the record must affirmatively prove that an element of the offense did not occur.

*Holt*, 66 Va. App. at 210 (quoting *Redman*, 25 Va. App. at 221-22). Moreover, "[i]n order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." *Redman*, 25 Va. App. at 221.

Here, appellant raises her argument for the first time on appeal. Indeed, at the December 2021 probation violation hearing, Bryant was given the opportunity to "cross-examine the Probation Officer" and present evidence, as well as to offer any reason as to "why judgment should not be pronounced." Bryant then received the benefit of the trial court's decision to resuspend her sentence in its entirety. The trial court told Bryant that if she returned, he would impose the balance of her previously suspended sentence. Just eight days later, Bryant again violated the terms of her suspended sentence. At the March 2022 hearing, Bryant was again given the opportunity to present evidence, give a statement, and provide argument; however, rather than arguing that her violation was unintentional and "*de minimis*," Bryant denied the allegations. In allocution, she focused solely on her desire to receive substance abuse treatment and contended that she would not be helped by further incarceration. Thus, because Bryant was, in fact, in violation of her probation and because she did not timely object to the revocation of her suspended sentence, she has failed to show that a miscarriage of justice occurred in this case, and her arguments are waived under Rule 5A:18.

Merits

Nevertheless, we note that generally, after suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "If the court, after hearing,

finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). If the basis of the violation is a third or subsequent technical violation, the court "may impose whatever sentence might have been originally imposed." Code § 19.2-306.1(C).[1] Because this was Bryant's third violation, the circuit court permissibly revoked the entirety of Bryant's previously suspended sentence. We will not reverse a trial court's sentencing decision in the absence of an abuse of its "judicial discretion, the exercise of which implies conscientious judgment, not arbitrary action." *Allison v. Commonwealth*, 40 Va. App. 407, 411 (2003) (quoting *Hamilton v. Commonwealth*, 217 Va. 325, 327 (1976)).

The record in this case shows that Bryant appeared before the trial court on two previous occasions before the final probation violation hearing in March 2022. In each prior instance, Bryant's suspended sentence was re-suspended in its entirety on terms and conditions Bryant repeatedly failed to follow. At her probation violation hearing in December 2021, the trial court told Bryant that if she returned again having committed a new violation, it would impose the balance of her remaining suspended sentence. Nonetheless, Bryant failed to immediately report to the probation office upon her release on December 21, 2021, and she only appeared the next day after someone contacted her. Bryant failed to follow the probation officer's instruction that she contact the clinic. She then failed to report for her appointment on December 29, and again only reported after someone contacted her. She also tested positive for methamphetamine and LSD, though she was pregnant. These facts support the trial court's decision to revoke the remaining portion of Bryant's sentence. It is clear from the record that Bryant was on probation for a considerable number of years, but repeatedly failed to comply with the terms and conditions of her

---

[1] Code § 19.2-306(C) was amended effective July 1, 2021, and no longer requires the trial court to revoke the sentence. 2021 Va. Acts Sp. Sess. I, ch. 538.

probation.  Thus, we cannot conclude that the trial court abused its judicial discretion in revoking

Bryant's sentence in its entirety and ordering that it be served.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed*.