COURT OF APPEALS OF VIRGINIA

Present: Judges Athey, Fulton and Causey

MICHAEL ADRIAN WOODLEY

MEMORANDUM OPINION*
v.      Record No. 0694-22-4          PER CURIAM
JUNE 13, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Daniel S. Fiore, II, Judge

(Bradley R. Haywood; Office of the Public Defender, on brief), for
appellant.

(Jason S. Miyares, Attorney General; Collin C. Crookenden,
Assistant Attorney General, on brief), for appellee.


The Arlington County Circuit Court ("trial court") found Michael Woodley ("Woodley") in

violation of the terms and conditions of his probation, revoked his previously suspended sentence in

its entirety, and ordered that he serve the balance of his suspended sentence following conviction on

an underlying felony. On appeal, Woodley contends that the trial court abused its discretion by

imposing the remaining balance on his previously suspended sentence. After examining the briefs

and record in this case, the panel unanimously holds that oral argument is unnecessary because "the

appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

I. BACKGROUND

In 2005, Woodley pled guilty to a single count of felony uttering, in violation of Code

§ 18.2-172. He was subsequently sentenced to three years in prison, with two years and two months

suspended, conditioned upon his successful completion of three years of probation. Following his

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

release from active incarceration, he began supervised probation in April of 2006 before absconding from supervision shortly thereafter. On September 1, 2006, the trial court issued a bench warrant for his arrest, and following his apprehension, the trial court, on December 2, 2008, found Woodley in violation of the terms and conditions of his supervised probation. As a result, the trial court revoked Woodley's previously suspended sentence, resuspended that sentence in its entirety, and restored Woodley to supervised probation to end in December of 2011.

The trial court also added a special condition requiring Woodley to enter and complete the Ethel Elan Safe Haven program located in Baltimore, Maryland. When Woodley subsequently failed to complete the treatment program and again absconded from supervision, the trial court issued a second bench warrant on April 6, 2010, before, once again, finding Woodley in violation of his probation for the second time on February 4, 2011. This time, the trial court revoked the balance of his suspended sentence again, sentenced Woodley to serve 90 days of the suspended sentence in jail, resuspended the remaining balance of the suspended sentence, and restored him to supervised probation again.

On March 21, 2011, Woodley completed his 90-day sentence and was released from the Arlington County Detention Facility. Woodley never reported to the probation office following his release, leading the probation office to seek a capias upon an allegation that Woodley had again absconded from probation. Service of the capias was finally accomplished five years later on March 24, 2016. Subsequently, on April 1, 2016, the trial court convicted Woodley of violating his probation for a third time for absconding and resuspended the balance of his suspended sentence except "time served to 4/18/2016." The trial court also ordered him to complete 159 hours of community service and comply with substance abuse treatment.

Less than three months after being restored to supervised probation, Woodley absconded for a fourth time, and as a result, Woodley's probation officer filed a major violation report and

requested another capias.[1]  The major violation report alleged that the last reported contact between Woodley and his probation officer occurred on June 29, 2016.  The report also indicated that his probation officer had made numerous attempts to contact Woodley without success before concluding that "Offender Woodley has made himself unavailable for supervision and his whereabouts are unknown."  The trial court issued another capias on August 22, 2016, but Woodley was not arrested on the capias until almost six years later in January of 2022.

The trial court conducted its fourth probation violation hearing regarding Woodley on March 4, 2022.  He admitted to the violation and explained that, after absconding from probation, he was gainfully employed as a long-distance mover until 2020.  He further testified that he had stopped working in 2020 because of the COVID-19 pandemic and also due to mental health issues.  He also advised the court that he suffered from "serious depression related to the death of his son," which led to "a couple of voluntary commitments to mental health institutions."  Woodley noted that the underlying felony for which he was on probation "didn't appear to be a particularly serious property crime" and that he remained of uniform good behavior while a fugitive.  He further requested that the trial court impose a 90-day jail sentence and close the case.  The Commonwealth agreed that "this case is ripe for closure," but did not offer any particular recommendation for sentencing.  The sentencing guidelines recommended a range of punishment of three months to one year of incarceration.

The trial court noted Woodley's "extensive history of absconding" and found no good cause for retroactive adjustment to Woodley's sentence.  The trial court also opined that Woodley simply did not believe that probation applied to him and ruled that the trial court's original sentence should therefore be enforced.  The trial court then found Woodley in violation of the terms and conditions

---

[1] As the record does not include any of the major violation reports or final sentencing orders entered before 2016, we have drawn these facts from the uncontested major violation report dated August 8, 2016.

of his probation and imposed the remaining balance of his suspended sentence. In sentencing the defendant to an active period of incarceration above the high end of the guidelines, the trial court explained "there is no reasonable term of probation that the court could order for defendant to remain on probation. An upward departure was warranted."

On April 7, 2022, the trial court entered its final sentencing order revoking the balance of Woodley's previously suspended sentence and ordered that it be served.[2] Woodley appealed.

## II. ANALYSIS

### A. *Standard of Review*

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we "discard the evidence of the [appellant] in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Gerald*, 295 Va. at 473 (quoting *Kelley v. Commonwealth*, 289 Va. 463, 467-68 (2015)).

"Whether to revoke the suspension of a sentence lies within the sound discretion of the trial court." *Keeling v. Commonwealth*, 25 Va. App. 312, 315 (1997). We will not reverse a court's decision "unless there is a clear showing of abuse" of that discretion. *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse merely because it would have

---

[2] According to the sentencing guidelines, the remaining balance on Woodley's suspended sentence was 1 year, 10 months and 5 days.

come to a different result in the first instance." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) (alterations in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)).

> [A] court abuses its discretion: "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment."

*Lawlor*, 285 Va. at 213 (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)).

B. *The trial court did not abuse its discretion in its sentencing determination.*

Woodley contends that the trial court abused its discretion by imposing the balance of his suspended sentence. He also contends that the sentencing court ignored mitigating factors, gave improper weight to the aggravating factors, and ignored the recommendation contained within the sentencing guidelines. We disagree.

"In any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306. "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). If the basis of the violation is a third or subsequent technical violation, the court "may impose whatever sentence might have been originally imposed." Code § 19.2-306.1(C). We will not reverse a trial court's sentencing decision in the absence of an abuse of its "judicial discretion, the exercise of which implies

conscientious judgment, not arbitrary action." *Allison v. Commonwealth*, 40 Va. App. 407, 411 (2003) (quoting *Hamilton v. Commonwealth*, 217 Va. 325, 327 (1976)).

The record indicates that Woodley appeared before the trial court on four separate occasions for absconding from probation. In fact, the trial court found him in violation of probation specifically for absconding in 2008, 2011, 2016, and 2022. More than five years passed between his violation in 2011 and his arrest in 2016, and almost six years elapsed between his violation in 2016 and his arrest in 2022. While on probation, Woodley failed to complete the Ethel Elan Safe Haven program, failed to submit to substance abuse treatment, and failed to perform any community service hours as previously ordered by the court. He also failed to pay any money toward his fines and court costs. Thus, because this was Woodley's fourth violation, the trial court permissibly revoked the entirety of his previously suspended sentence pursuant to Code § 19.2-306.1(C), and we find no abuse of discretion in the trial court's decision to do so. The fact that the sentence exceeded the high end of the recommended sentencing guidelines does not alter this result. Although the trial court must "review and consider the suitability of the applicable discretionary sentencing guidelines," Code § 19.2-298.01, it is well settled that the Virginia Criminal Sentencing Guidelines are "discretionary, rather than mandatory." *West v. Dir. of Dep't of Corr.*, 273 Va. 56, 65 (2007).

Also, Woodley's assertion that the trial court failed to consider the mitigating evidence is not supported by the record. At the hearing, the trial court inquired if Woodley admitted to the violation and gave him an opportunity to explain his reasons for absconding. The trial court heard evidence that Woodley maintained gainful employment from 2016 to 2020 and that he suffered from mental health issues for which he recently sought treatment. The trial court was also apprised of the fact that Woodley did not incur any new offenses during his fugitive status. The trial court expressly weighed those factors against the importance of complying with court orders generally, and in judging whether Woodley's mitigating evidence warranted a "retroactive adjustment" to his

original sentence specifically. We find no error in the trial court's resolution of the matter after weighing and considering the evidence before it. Indeed, while the trial court had a "duty to consider mitigating evidence along with other evidence in determining the appropriate sentence," it was "not required to give controlling effect to the mitigating evidence." *Reid v. Commonwealth*, 256 Va. 561, 569 (1998) (quoting *Correll v. Commonwealth*, 232 Va. 454, 468-69 (1987)). By revoking Woodley's suspended sentence and ordering that it be served in its entirety, the trial court "did nothing more than confirm that the conditions of probation were *in fact* conditions of probation." *Price v. Commonwealth*, 51 Va. App. 443, 449 (2008).

### III. CONCLUSION

The trial court did not abuse its discretion in revoking Woodley's previously suspended sentence and ordering that it be served in its entirety. We therefore affirm the trial court's judgment.

*Affirmed.*