COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Chaney and White

AIRIK BOSE CARTER, S/K/A
 ARIK BOSE CARTER

                                                      MEMORANDUM OPINION[*] BY
v.          Record No. 2000-23-3                JUDGE KIMBERLEY SLAYTON WHITE
                                                              MAY 27, 2025

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

(Robert G. Munro; Robert G. Munro, PLLC., on brief), for appellant.

(Jason S. Miyares, Attorney General; Allison M. Mentch, Assistant
Attorney General, on brief), for appellee.


Following a revocation hearing,[1] the trial court found that Airik Bose Carter was guilty of

violating the conditions of his supervised probation for his breaking and entering conviction by

possessing a Schedule I or II controlled substance and failing to comply with the requirements of

drug court. For these violations, the trial court revoked and imposed Carter's previously

suspended sentence of nine years and six months. Alleging abuses of discretion, Carter appeals this

sentence and the trial court's denial of his motion to continue sentencing so that he could be

evaluated for the Community Corrections Alternative Program (CCAP). Finding that Rule

5A:18 bars our review of the trial court's denial of the motion to continue and reasonable jurists

could certainly differ as to what sentence would be appropriate for a fourth probation violation

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] At this hearing, Carter also was before the trial court for another probation violation
charge. The trial court dismissed that charge.

conviction resulting from a new felony drug possession conviction and a failure to complete drug court, we affirm.[2]

## BACKGROUND[3]

On April 26, 2010, following Carter's agreement to plead guilty to one felony charge of breaking and entering, the trial court sentenced him to ten years of incarceration with ten years suspended. In imposing this sentence, the court ordered that Carter be placed on supervised probation for three years. As a condition of his probation and suspended sentence, Carter was required to submit to random drug testing and to pay restitution in the amount of $11,434.12.

Thereafter, Carter was charged with violating the terms and conditions of his probation and had revocation hearings on four separate occasions. At the first revocation hearing on October 5, 2012, in accordance with the parties' agreed disposition, the trial court only imposed a sentence of "time served, which was 24 days." It also returned Carter to supervised probation for an additional year. According to the probation officer's major violation report (MVR), Carter violated the conditions of his probation by being arrested for breaking and entering and petit larceny. This arrest later resulted in a misdemeanor conviction.

At the second revocation hearing on August 19, 2013, based on the parties' joint sentencing recommendation, the trial court revoked and imposed six months of Carter's

---

[2] After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

[3] "On appeal, '[w]e "view the evidence received at [a] revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it."'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (alterations in original) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)). Applying this familiar principle of appellate review, we will state the facts "in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).

previously suspended ten-year sentence. It also returned Carter to supervised probation for two years with the same terms and conditions. As indicated by his MVR, the probation officer requested this hearing because Carter: (1) was charged with and convicted of trespassing, (2) was charged with the misdemeanor offense of assault and battery of a family member, (3) admitted to smoking marijuana and buying a narcotic painkiller on the street, and (4) was convicted of violating probation relating to a misdemeanor offense.

At the third revocation hearing on February 5, 2016, Carter stipulated that he again had violated the conditions of his probation and, based on the parties' joint recommendation, the trial court revoked and resuspended Carter's previously suspended sentence of nine years and six months on the condition that he comply with all of the terms and conditions of his probation for an indefinite period until he paid in full all restitution and court costs. As indicated by his MVR, the probation officer requested this hearing because Carter: (1) tested positive for amphetamines, (2) was found guilty of failing to appear in juvenile and domestic relations district court, and (3) had not made a restitution payment since December 1, 2015, and owed $9,910. In an MVR addendum, the probation officer later advised that Carter made a subsequent payment of $3,000 toward restitution.

At the fourth revocation hearing on February 22, 2022, Carter again stipulated that he had violated the conditions of his supervised probation. According to his probation officer's reports, after February 5, 2016, Carter "had periods of compliance and then periods where he ha[d] a lot of issues going on."

In violation of Condition 1 of his probation, Carter committed these offenses: (1) driving while his license was suspended (conviction date: June 28, 2017), (2) disorderly conduct (conviction date: November 20, 2019), and (3) destruction of property having a value less than $1,000 (conviction date: November 20, 2019). In addition, on November 21, 2021, he was

- 3 -

charged with assault and battery of a family member, resulting in a PB-15. The juvenile and domestic relations district court later convicted him of this charge and sentenced him to 12 months in jail with 8 months suspended.

In violation of Condition 8 of his probation, Carter tested positive for marijuana, methamphetamine, and amphetamines on nine occasions from November 9, 2017, to October 14, 2021. By his own admission, he also used methamphetamine on August 1, 2018. In addition, according to an MVR addendum, Carter also tested positive for amphetamines, alcohol, fentanyl, and marijuana on November 17, 2021.

Finally, in violation of other special conditions, Carter tested positive for alcohol on November 25, 2019, and November 20, 2020, and, as of November 29, 2021, he had not paid court costs totaling $2,069.77 and restitution totaling $5,726.92. Given these violations, the probation officer filed an MVR recommending that the trial court consider Carter for admission into drug court. Accordingly, Carter presented a written agreement with the Rockingham County/City of Harrisonburg Drug Court Program and a waiver of his Fourth Amendment rights and moved to continue the matter so that he could enter and successfully complete drug court as an additional condition of probation. The trial court granted this request and indefinitely extended Carter's probation and sentence suspension, subject to his return to the court for final disposition or revocation. Towards that end, the trial court continued the revocation hearing to August 21, 2023.

Afterwards, from April 28, 2022, to January 19, 2023, the trial court held four drug court hearings and found that Carter violated the conditions of the drug court program. Particularly, it found that Carter: (1) admitted to using methamphetamine on April 24, 2022, (2) violated curfew, (3) missed a drug screen on December 26, 2022, and (4) used methamphetamine on January 15, 2023. Then, on April 13, 2023, after learning that Carter tested positive for

- 4 -

methamphetamine on April 11, 2023, and absconded from supervision, the trial court ordered a capias for his arrest. Following this capias, a probation officer filed an MVR addendum dated May 8, 2023. This report informed the trial court that a drug task force investigator had gone to Carter's address on file and confirmed that he no longer lived there. This officer also advised that, on May 6, 2023, Carter was arrested on the capias (Case Number: 143-05) after a brief police foot pursuit, resulting in a charge of possessing a Schedule I or II controlled substance. Because of this new felony charge and the failure to appear in drug court, the trial found that Carter had violated the conditions of drug court and removed him from the program on May 25, 2023.

On October 18, 2023, Carter entered a guilty plea to the drug possession charge. In accordance with the parties' plea agreement, the trial court sentenced Carter to 5 years and 11 months of incarceration with 5 years suspended on the condition that he complete 2 years of supervised probation, including any substance counseling ordered by his probation officer. Immediately after this sentencing hearing, the trial court commenced a revocation hearing for the two pending probation violation charges.

At this fifth revocation hearing, Carter stipulated that he had violated the conditions of probation by committing the felony drug offense and failing to complete drug court. He also moved to continue sentencing so that he could be evaluated for CCAP. Initially, the trial court stated that it was "not going to order a CCAP evaluation in this case," but then it agreed to defer ruling on the motion until it heard the evidence and argument. For its evidence, the Commonwealth admitted or referred to previously admitted MVRs and addenda. Carter, on the other hand, testified on his own behalf. He did not dispute the evidence of his criminal history and he admitted that he was an addict, but he insisted that he had "done the withdrawals" and he was "clear-minded now and [was] just trying to be better in the future." He further testified that

he had not been to CCAP and he "would like to continue dealing and addressing . . . [his] addiction problem . . . ." He also noted that he had two children to support.

Afterwards, in support of his motion to continue, Carter argued that "[h]e's dried out," and "the therapy offered by CCAP [would] allow him to take advantage of the foundation" and that "is what he [was] asking for with CCAP." He further argued that the 11-month sentence just imposed for the drug conviction was "under the limit that CCAP ha[d] set." He also emphasized that he would be on probation after serving his sentence for the felony drug conviction and that CCAP would be "a good investment in his future and in all our futures, and would make the best use of the resources of the Commonwealth." The trial court, however, denied the motion, explaining: "[W]hile it's numerically his fourth, it's factually his fifth, and we've tried multiple interventions. CCAP is a very expensive program and the type of intervention we tried in Drug Court was significant as well." It further stated, "I'm just finding that CCAP is just not appropriate." Afterwards, the trial court revoked and imposed the previously suspended sentence of nine years and six months. The trial court explained its sentence as follows:

> The full violations are considered by the Court in the court file. They're also outlined in the MVR that was admitted prior to his admittance to Drug Court. Each of those, he's brought back new offenses and he was on probation for a very serious offense, breaking and entering. He's failed out of Drug Court and he absconded. He's been arrested on a new felony, and we've tried multiple interventions and he continues to re-offend, so I'm doing a full revocation.

By order entered on October 24, 2023, the trial court imposed this sentence and dismissed the companion probation violation charge. This appeal follows.

ANALYSIS

On appeal, Carter presents two assignments of error alleging an abuse of discretion by the trial court at the revocation hearing on October 18, 2023. First, he alleges the trial court abused its discretion in denying his motion to continue to obtain a CCAP evaluation. Second, he alleges the

trial court abused its discretion in revoking and imposing the entire previously suspended sentence of nine years and six months. As we explain below, the first assignment of error is not subject to our review and the second assignment of error is meritless.

### I. Rule 5A:18 bars review of the first assignment of error.

In support of his first assignment of error, Carter argues that the trial court abused its discretion in denying his motion to continue for a CCAP evaluation because it did so without considering specific "factors" set forth in Code § 19.2-316.4. Without deciding whether this statute required the trial court to order an evaluation of Carter for commitment to CCAP,[4] we decline to consider this argument and, in turn, the first assignment of error because Rule 5A:18 requires us to do so.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. The purpose of this rule is "to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals." *Andrews v. Commonwealth*, 37 Va. App. 479, 493 (2002). Thus, "Rule 5A:18 requires a litigant to articulate an objection with specificity 'so that the trial judge . . . know[s] the particular point being made in time to do something about it.'" *Hicks v. Commonwealth*, 71 Va. App. 255, 266

---

[4] Code § 19.2-316.4(B)(1) provides that,

> [f]ollowing conviction and prior to imposition of sentence or following a finding that the defendant's probation should be revoked, upon motion of the defendant or the attorney for the Commonwealth or upon the court's own motion, the court *may* order such defendant referred to the Department of Corrections for evaluation and diagnosis.

(Emphasis added).

(2019) (alterations in original) (quoting *Thomas v. Commonwealth*, 44 Va. App. 741, 750, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005)). For this reason, "[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue for review." *Hamilton v. Commonwealth*, 69 Va. App. 176, 189 (2018) (quoting *Edwards v. Commonwealth*, 41 Va. App. 752, 760 (2003) (en banc)); *see Burford v. Commonwealth*, 78 Va. App. 170, 184 (2023) (holding that Rule 5A:18 barred review of an argument on appeal of a sentence revocation). "[T]he same argument must have been raised, with specificity, at trial before it can be considered on appeal." *Pulley v. Commonwealth*, 74 Va. App. 104, 125 (2021) (quoting *Johnson v. Commonwealth*, 58 Va. App. 625, 637 (2011)). "[N]either an appellant nor an appellate court should 'put a different twist on a question that is at odds with the question presented to the trial court.'" *Bethea v. Commonwealth*, 297 Va. 730, 744 (2019) (quoting *Commonwealth v. Shifflett*, 257 Va. 34, 44 (1999)).

Here, Carter presents a different argument on appeal than he did to the trial court. At the revocation hearing, Carter did not cite or even allude to the "factors" of Code § 19.2-316.4. He also did not contend that the trial court had an obligation, statutory or otherwise, to refer him to the Department of Corrections for a CCAP evaluation. Instead, he argued that the trial court should have continued his sentencing so that he could be evaluated for CCAP because he had not been to CCAP and he "would like to continue dealing and addressing . . . [his] addiction problem . . . ." Even if viewed in the most favorable light for Carter, this argument to the trial court differs greatly from the appellate argument that the trial court should have considered the statutory "factors" in deciding whether the case should be continued for a CCAP evaluation. Perhaps recognizing this variance, Carter asks this Court to invoke the "ends of justice" exception to Rule 5A:18. We decline to do so, however, because he fails to present an adequate explanation and legal argument supporting this request. *See* Rule 5A:20(e) ("When the

assignment of error was not preserved in the trial court, counsel must state why the good cause and/or ends of justice exceptions to Rule 5A:18 are applicable."). Merely asserting that an assignment of error "[p]resents an issue of first impression" is insufficient. Therefore, as to the first assignment of error, we affirm.

*II. The second assignment of error lacks merit.*

In support of his second assignment of error, Carter argues that the trial court abused its discretion in sentencing him by committing an "error of judgment." From our review of the record, we find nothing to support such a finding.

"We review the trial court's sentence for abuse of discretion." *Laney v. Commonwealth*, 76 Va. App. 155, 165-66 (2022) (quoting *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011)). "When a defendant fails to comply with the terms and conditions of a suspended sentence, the trial court has the power to revoke the suspension of the sentence *in whole* or in part." *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002) (emphasis added) (quoting *Russnak v. Commonwealth*, 10 Va. App. 317, 321 (1990)). "A trial court has broad discretion to revoke a suspended sentence and probation based on Code § 19.2-306, which allows a court to do so 'for any cause deemed by it sufficient.'" *Allison v. Commonwealth*, 40 Va. App. 407, 411 (2003) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The discretion required is a judicial discretion, the exercise of which 'implies conscientious judgment, not arbitrary action.'" *Alsberry*, 39 Va. App. at 320 (quoting *Hamilton v. Commonwealth*, 217 Va. 325, 327 (1976)).

"On appeal from a revocation proceeding, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Clarke v. Commonwealth*, 60 Va. App. 190, 195 (2012) (quoting *Keselica v. Commonwealth*, 34 Va. App. 31, 35 (2000)). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse merely

because it would have come to a different result in the first instance." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) (alterations in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)). "In evaluating whether a trial court abused its discretion, . . . 'we do not substitute our judgment for that of the trial court. Rather, we consider only whether the record fairly supports the trial court's action.'" *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009) (quoting *Beck v. Commonwealth*, 253 Va. 373, 385 (1997)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Thomas*, 44 Va. App. at 753.

As our Supreme Court has recognized, there are "three principal ways" by which a court abuses its discretion. *Lawlor*, 285 Va. at 213 (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)). An abuse of discretion occurs "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment." *Id.* Also, "by definition, a trial court 'abuses its discretion when it makes an error of law.'" *Khine v. Commonwealth*, 75 Va. App. 435, 444 (2022) (quoting *Porter v. Commonwealth*, 276 Va. 203, 260 (2008)).

In his brief, Carter argues that the trial court made an error of judgment in the weighing of factors to be considered in sentencing and it exhibited this error of judgment in three ways. First, he points out that the trial court "did not give an explicit description of its thinking." Second, the trial court "failed to address [his] mitigating evidence." Third, the trial court imposed an active sentence of incarceration that was 19 times greater than the longest prior sentence for a probation violation. We find this three-pronged argument to be unpersuasive.

Carter's argument finds no support in the law. In Virginia, a trial court has no common law duty to explain in any detail the reasoning supporting its judgments. "Absent a statutory

requirement to do so, 'a trial court is not required to give findings of fact and conclusions of law.'" *Pilati v. Pilati*, 59 Va. App. 176, 180 (2011) (quoting *Fitzgerald v. Commonwealth*, 223 Va. 615, 627 (1982)). Also, "a trial court is presumed to have thoroughly weighed all the evidence." *Farley v. Farley*, 9 Va. App. 326, 329 (1990) (citing *Brown v. Brown*, 218 Va. 196, 200 (1977)); *see Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992) ("[b]arring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence"). Finally, "when a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)).

Carter's argument also finds no support in the record. Nothing in the record supports Carter's claim that the trial court failed to consider and weigh properly all of the evidence presented at the revocation hearing, including his own testimony. In addition, nothing in the record supports his claim that the trial court "did not give an explicit description of its thinking." To the contrary, the record reflects that the trial court explained its decision to revoke and impose all nine years and six months of Carter's previously suspended sentence. In this explanation, the court acknowledged reviewing previous "full violations" listed in its file and the MVR that was admitted before he was admitted to drug court. It also mentioned Carter's history of reoffending despite "multiple interventions," the serious nature of the underlying breaking and entering conviction, his failure to complete drug court, and his absconding from supervision. Finally, the record supports the trial court's sentencing decision, and it requires us to affirm that decision. Given the evidence of Carter's history of crimes, drug and alcohol use, and multiple probation violations, we cannot say that reasonable jurists could not differ as to what sentence would be appropriate.

- 11 -

As we repeatedly have observed, "[w]hen coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). The record here supports the trial court's action. Carter repeatedly failed to make productive use of the grace that he had received, and, in response, the trial court properly exercised its discretion and chose a "full revocation." By its sentence, the trial court informed Carter that he had exhausted that grace. Accordingly, as to the second assignment of error, we affirm the trial court's judgment.

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*